UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANGEL CABALLERO, Jr._*Plaintiff*_ : | PRISONER<br>CIVIL ACTION NO.<br>Docket No. 3:03CV407(JCH)(HBF) |
| v. : | |
| JOHN ARMSTRONG, ET AL_*Defendant*_ : | November 17, 2003 |

## MEMORANDUM OF LAW IN
## SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Plaintiff brings this action under 42 U.S.C. § 1983 alleging that defendants were deliberately indifferent to him and/or subjected him to cruel and unusual punishment. Plaintiff also seeks, under supplemental jurisdiction to sue defendants in their individual capacities for negligence. Because a claim for negligence is barred under Connecticut General Statutes § 4-165, defendants respectfully move to dismiss the supplemental negligence claims.

### ARGUMENT

A. **Standard for Motion to Dismiss**

The function of a motion to dismiss is to test the legal feasibility of a complaint. *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984). A complaint should be dismissed if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957).

In deciding a motion to dismiss the court assumes all factual allegations in the complaint are true and construes them most favorably to plaintiff. *Scheur v. Rhodes*, 416 U.S. 232, 236 (1974). In addition to the complaint, the court may consider and construe any exhibit attached to the complaint. *Paulemon v. Tobin*, 30 F.3d 307, 308-09 (2d Cir. 1994). Moreover, a document

outside the pleadings may be considered if "1) there was undisputed notice to plaintiffs of the document's contents and 2) the document was integral to plaintiff's claim." *Degrooth v. General Dynamics Corp.*, 837 F. Supp. 485 (D.Conn. 1993) *affirmed* 28 F.3d 103 (1994) *cert. denied* 115 S.Ct. 637 (1994).

### B. **Defendants Are Immune Under Connecticut General Statutes § 4-165**

Here, defendants who are state employees acting in the scope of their employment cannot be sued for negligence. Indeed, dismissal of plaintiff's supplemental jurisdictional negligence claims is mandated.

Connecticut General Statutes § 4-165 provides in relevant part:

> No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment. Any person having a complaint for such damage or injury shall present it as a claim against the state under the provisions of this chapter.

Here, defendants cannot be sued for alleged negligence in adopting and/or enforcing a policy under which plaintiff recreated in handcuffs and leg irons.

In *Martin v. Brady*, 261 Conn. 372, 802 A.2d 814 (2002), the plaintiff alleged that defendant state police officers conducted an improper search of his home and seizure of his person in violation of his rights under Article 1, §§ 7 and 9 of the Connecticut Constitution.[1] The sole issue on appeal was whether the defendant State Police officers were immune from suit because of statutory, personal immunity under Connecticut General Statutes § 4-165. *Id.*, 261 Conn. At 373.

---

[1] The plaintiff in *Martin* also argued that suit was authorized against the defendant state police officers arguing that the Connecticut Supreme Court in *Binette v. Sabo*, 244 Conn. 23, 710 A.2d 688 (1998), had recognized a cause of action under article first, § 7 of the Constitution of Connecticut. *See Martin, supra*, 64 Conn. App. 433, 780 A.2d 961 (2001), overruled on other grounds, 261 Conn. 372, 802 A.2d 814 (2002). The *Martin* court rejected that argument, holding that *Binette* applied only to municipal defendants and did not waive sovereign immunity for state officials.

The Court examined the complaint to determine whether the plaintiff had alleged the defendants were acting outside the scope of their employment or wantonly, recklessly or maliciously under Connecticut General Statutes §4-165. In *Martin*, the complaint alleged three separate instances of misconduct on the part of the State Police defendants. The plaintiff alleged: (1) that the defendants forcibly entered his home without a search warrant, striking him and pushing him to the floor after he submitted to arrest; (2) that the defendants searched his home pursuant to a search warrant obtained pursuant to a false affidavit; and (3) during the search, smashed windows and broke down doors. *Id.*, at 377.

The Court reasoned that, in order to determine if a defendant is acting in the course of his or her duties or within the granted state authority, it is necessary to examine the nature of the alleged conduct and its relationship to the duties incidental to the employment. *Id.*, at 378. The *Martin* Court referred to its previous decisions. More specifically, in *Antinerella v. Rioux*, 229 Conn. 479, 499, 642 A.2d 699 (1994), *overruled in part on other grounds, Miller v. Egan, supra*, 265 Conn. at 325, the Court found the defendant's conduct fell outside the umbrella of immunity because "[t]he defendant's alleged conduct [in soliciting and accepting illegal kickbacks from his deputy sheriffs] was not designed to advance any interest of his employer, the state, and did not serve any legitimate state interest ... [being] motivated by purely personal considerations entirely extraneous to his employer's interests." Similarly, in *Shay v. Rossi, supra,* at 174, the Court determined that "the defendants, individuals employed by the state department of children and families, had acted beyond the scope of their employment when acting 'solely ... to justify their own prior unjustified conduct, and not to carry out the government policy with which they were entrusted ...,'"

3

The *Martin* Court noted that the allegations against State Police officers for improper search and seizure were arguably within the scope of employment for the defendants, unlike the allegations in *Antinerella* and *Shay*. *Martin, supra,* at 378-79. The *Martin* court next considered whether the plaintiff had sufficiently alleged facts so as to cause the defendants' conduct to fall within the statutory exception for "wanton, reckless or malicious" conduct. Concluding that the plaintiff had failed to make such allegations, the Court reasoned as follows:

> we have never definitively determined the meaning of wanton, reckless or malicious as used in § 4-165. In the common-law context, however, we have stated: In order to establish that the defendants' conduct was wanton, reckless, willful, intentional and malicious, the plaintiff must prove, on the part of the defendants, the existence of a state of consciousness with reference to the consequences of one's acts . . . . *[Such conduct] is more than negligence, more than gross negligence.* . . . In order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. . . . It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action. . . . [In sum, such] conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." Indeed, in some instances, the mere fact that an official has acted in excess of his or her authority may suffice to prove that the conduct was wanton, reckless or malicious.

*Id.,* at 379 (Internal quotation marks omitted.)(emphasis added).

The *Martin* Court then concluded that there was no allegation in the complaint from which it could infer that the defendants' conduct was indicative of such a state of mind or that the conduct rose to such a level of egregiousness necessary to be considered wanton, reckless or malicious. *Id.,* at 380.

Like the *Martin* defendants, defendants in this case have statutory immunity. Here, plaintiff alleges that he is an inmate at the Northern Correctional Institution ("Northern"). He

4

alleges that for a period of time when he was at Northern he was forced to recreate in full restraints. Plaintiff alleges that the defendants are responsible for this practice. In paragraph 52, plaintiff alleges that the defendants were negligent in subjecting plaintiff to the policy of recreating in full restraints. These claims of negligence are insufficient to defeat statutory immunity pursuant to § 4-165. Because the defendants have statutory immunity on plaintiffs' negligence claims, they respectfully move to dismiss them.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Ann E. Lynch
Assistant Attorney General
Federal Bar No. ct08326
110 Sherman Street
Hartford, CT 06105
Tel: (860) 808-5450
Fax: (860) 808-5591

## CERTIFICATION

I hereby certify that a copy of the foregoing motion and memorandum of law was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 18th day of November, 2003, first class postage prepaid to:

Angel Caballero
#214362
Northern Correctional Institution
287 Bilton Road
Somers Ct 06071

_____
Ann E. Lynch
Assistant Attorney General