FILED

United States District Court
District of Connecticut

2003 NOV 21  P 3: __

US DISTRICT COURT

| | |
|---|---|
| Angel Caballero, Jr. | Civil Action No. |
| | 3:03 CV 407 (JCH)(HBF) |
| vs. | |
| John J. Armstrong, et al. | |

## Motion For Leave To File Amended Complaint

Pursuant to Fed. R. Civ. P., 15(a), the plaintiff respectfully requests leave to file the Amended Complaint, attached hereto.

The proposed Amended Complaint differs from the currently operative complaint in the following ways:

A. It adds twenty defendants: Lantz, Murphy, Acosta, Choinski, Whidden, Coates, Lajoie, McGill, Rose, Torres, Regan, Oglesby, Viscomi, Bradway, Wollenhaupt, Hughes, Chaplin, Powers, Latier, and O'Riley.

B. The proposed Amended Complaint contains a more detailed recitation of the underlying facts.

#1

It was legally mandated to add the new defendants, because the old administration has retired, the violations of the denial of out-of-cell exercise, denial of proper timely medical care and Mental Health treatment, the defendants failing to protect the plaintiff and the defendants unconstitutionally double celling maximum custody. Continued, therefore, the new administration (Defendants added) are liable. As required by Rule 15 for relation back of amendments, the claims "asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P., 15(c). See → Seigel v. Converters Transportation, Inc., 714 F.2d 213, 216 (2d Cir. 1983) (relation back provisions of Rule 15(c) is to be liberally construed to ensure that claims are decided on the merits rather than on procedural technicalities).

   C. Instead of filing a Supplemental Complaint to deal with the events that have occurred since this case was filed, the plaintiff has filed the Amended Complaint and this Court should grant leave freely to file this Amended Complaint. Keith v. Volpe, 858 F.2d 467, 474 (9th Cir. 1988), cert. denied sub nom. City of Hawthorne v. Wright, 493 U.S. 813 (1989); Griffin v. County School Board of Prince Edward County, 377 U.S.

#2

218, 227, 84 S.Ct. 1226 (1964): This Court should grant leave freely to amend a complaint. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227 (1962); Interroyal Corp. v. Sponseller, 889 F.2d 108, 112 (6th Cir.), Cert denied, 494 U.S. 1091 (1990).

D. There can be no prejudice to the defendants from the granting of this request; but there would be profound injury to the plaintiff if the claims for relief set forth in the proposed Amended Complaint are not allowed to proceed. "Rule 15(a) requires that a Court's permission to amend a pleading shall be freely given when justice so requires." Kim v. Convent of the Sacred Heart, 1998 U.S. Dist. LEXIS 6692 3 (D. Conn. 1998) (quoting Fed. R. Civ. P. 15(a)); Conntect, Inc. v. Turbotect, Ltd., 1998 U.S. Dist. LEXIS 2354 5 (D. Conn. 1998). Justice requires amendment of the complaint in this case.

Wherefore, this honorable Court should grant him leave to filed the attached proposed Amended Complaint.

Respectfully Submitted,
Angel Caballero, Jr.
Angel Caballero, Jr. #214362
Northern C.I., P.O. Box 665.
Somers, CT 06071.

#3

Certification

I hereby certify that a copy of the foregoing was mailed on this 19 day of November, 2003 to the following:

Ann E. Lynch
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105

By: Angel Caballero, Jr
Angel Caballero, Jr.

#4