against defendant Perrotti. The court dismisses all claims against defendant Pierce are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (directing the court to dismiss at any time a claim which fails to state a claim upon which relief may be granted).

    4.    Defendants Parlsi and Franco

The plaintiff alleges that defendant Parlsi ordered, or complied with someone else's direction to order, that he be injected with a sedative before he was transported from Bridgeport Correctional Center to Northern Correctional Institution. The plaintiff claims that defendant Franco carried out the order.

The court has recounted above the requirements to allege a claim of deliberate indifference to a serious medical need. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. A treating physician will be liable under the Eighth Amendment only if his conduct is "repugnant to the conscience of mankind." Tomarkin v. Ward, 534 F. Supp. 1224, 1230 (S.D.N.Y. 1982) (quoting Estelle, 429 U.S. at 105-06). Section 1983 was not meant to redress medical malpractice claims that can be adequately resolved under state tort law. See Tomarkin, 534 F. Supp. at 1230-31. Inmates do not have a constitutional right to the treatment of their choice. See Dean v. Coughlin, 804 F.2d 207, 215 (2d Cir. 1986). Thus, mere disagreement with prison

16

officials about what constitutes appropriate care does not state a claim cognizable under the Eighth Amendment. See Ross v. Kelly, 784 F. Supp. 35, 44 (W.D.N.Y.), aff'd, 970 F.2d 896 (2d Cir.), cert. denied, 506 U.S. 1040 (1992).

The plaintiff does not allege that he was harmed in any way by the sedative. In addition, he alleges no facts from which the court could infer that either defendant Parlsi or Franco was aware of and disregarded a serious risk of harm to the plaintiff. Thus, the plaintiff fails to state a claim against defendants Parlsi and Franco for deliberate indifference to a serious medical need. The court dismisses the claims against defendants Parlsi and Franco pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

    5.    Defendants Blanchette and SuBoczy

In his second amended complaint, the plaintiff makes an assumption that either defendant Blanchette or SuBoczy ordered that he be confined in four-point restraints with metal handcuffs when the plaintiff arrived at Northern Correctional Institution. The focus of the allegations is not that he was held in four-point restraints, but that metal restraints were used in violation of the prison policy that metal restraints be used only when an inmate is confined in punitive segregation, administrative detention, transition detention and administrative segregation phase one.

The court notes that in his first amended complaint, the plaintiff indicated that he was transferred to Northern

17

Correctional Institution after being charged with assaulting a correctional staff member. Department of Correction Administrative Directive 9.2, section 12(c) provides that when an inmate has assaulted staff, he is to be placed in administrative detention and considered for placement in administrative segregation. Thus, the Department of Correction directives suggest that the plaintiff was considered an administrative detention inmate when he arrived at Northern Correctional Institution. Further, the plaintiff does not allege any facts suggesting that he suffered any injury as a result of being confined for a brief period in four-point restraints using metal handcuffs rather than soft restraints.

The Eighth Amendment protects inmates from cruel and unusual punishment. To state a claim for an Eighth Amendment violation, an inmate must establish both that the deprivation alleged is sufficiently serious and that the defendant acted with a sufficiently culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 298 (1991).

> The Eighth Amendment's bar on inflicting cruel and unusual punishments . . . "proscribe[s] more than physically barbarous punishments." It prohibits penalties that are grossly disproportionate to the offense as well as those that transgress today's broad and idealistic concepts of dignity, civilized standards, humanity and decency.

Hutto v. Finney, 437 U.S. 678, 685 (1978) (citations omitted). See also Rhodes v. Chapman, 452 U.S. 337, 347 (1981). To state a section 1983 claim for an Eighth Amendment violation the conduct

18

complained of must "shock the conscience" or constitute a "barbarous act." McCloud v. Delaney, 677 F. Supp. 230, 232 (S.D.N.Y. 1988) (citing United States ex rel. Hyde v. McGinnis, 429 F.2d 864 (2d Cir. 1970)). "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312, 319 (1986).

The court concludes that the plaintiff's claim that he was confined for a brief time in metal rather than soft restraints demonstrates, at most, a lack of due care for the plaintiff's interests. Thus, the claims against defendants Blanchette and SuBoczy are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

    6.    Defendant Bernard

Finally, the plaintiff alleges that defendant Bernard repeatedly used harsh language with him and, the plaintiff presumes, punched him in the eye while he was experiencing a blackout. The plaintiff alleges that after the blackout he had a "knot" on he head, a headache and a black eye. The plaintiff concluded that defendant Bernard punched him in the eye because other inmates told him that defendant Bernard and an unidentified correctional officer responded to the plaintiff's cell after they heard the plaintiff fall from his bunk.

It is settled law in this circuit that, even where a plaintiff appears pro se, vague or conclusory assertions of civil

19

rights violations are not sufficient to state a claim pursuant to section 1983. <u>See, e.g.</u>, <u>Barr v. Adams</u>, 810 F.2d 358, 363 (2d Cir. 1987); <u>Brodeur v. City of New York</u>, No. 96 CIV 9421 (RPP), 1998 WL 557599 at *7 (S.D.N.Y. Sept. 2, 1998); <u>Allen v. Ronan</u>, 764 F. Supp. 738, 739 (D. Conn. 1991) (quoting <u>Martin v. New York Dep't of Mental Hygiene</u>, 588 F.2d 371, 372-74 (2d Cir. 1978)).

Here, the plaintiff concludes that because he regained consciousness with a lump on his head and a black eye the defendant Bernard must have punched him in the eye. He concedes in the second amended complaint that he has no knowledge of how the injuries occurred. The plaintiff's conjecture is insufficient to support a section 1983 claim against defendant Bernard for using excessive force.

D.  <u>Injunctive Relief</u>

In the second amended complaint, the plaintiff asks the court to expunge an assault charge from his record. The plaintiff does not indicate whether the charge was a criminal charge of assault on correctional staff or an internal disciplinary charge.

If the assault charge is one for which the plaintiff was convicted in state court, the only way to challenge the conviction is through a petition for a writ of habeas corpus. "A state prisoner may not bring a civil rights action in federal court under [section] 1983 to challenge either the validity of his conviction or the fact or duration of his confinement. Those

20

challenges may be made only by petition for habeas corpus." Mack v. Varelas, 835 F.2d 995, 998 (2d Cir. 1987) (citing Preiser v. Rodriguez, 411 U.S. 475, 489-90 (1973)). Thus, to the extent that the plaintiff seeks to challenge his conviction for assault on correctional staff, his claim is not cognizable under section 1983.

To the extent that the plaintiff asks the court to construe this action as a habeas corpus matter, the court declines to do so. A prerequisite to filing a petition for a writ of habeas corpus is that the petitioner be in custody on the conviction being challenged. See Maleng v. Cook, 490 U.S. 488, 490-91 (1989). Here, the petitioner was released from custody in August 1999, over one year[6] before he first asserted this claim.

Further, to the extent that the petitioner is challenging an institutional disciplinary finding, his claim must be dismissed. The Second Circuit has held that an inmate's request for declaratory and injunctive relief against correctional staff at a particular correctional institution becomes moot when the inmate is discharged or transferred to a different correctional institution. See Mawhinney v. Henderson, 542 F.2d 1, 2 (2d Cir. 1976). See also Martin-Trigona v. Shiff, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that

---

[6] The plaintiff states in his papers, (see Am. Compl. ¶G), that he was discharged from the custody of the Department of Correction on August 27, 1999.

21

the relief sought can no longer be given or is no longer needed"). Because the plaintiff has been released, his request for injunctive relief in the form of expungement of a disciplinary finding is now moot.

## Conclusion

Defendants' Motion to Dismiss [**doc. #48**] is **GRANTED**. All claims against defendants Pierce, SuBoczy, Parlsi, Franco, Bernard, Blanchette and MoBuzzi, which are not referenced in the defendants' motion, are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's Motion for Summary Judgment [**doc. #50**] is **DENIED** without prejudice and Motion Not to Dismiss Summary [**doc. #51**] is **DENIED**. The Clerk is directed to enter judgment in favor of the defendants and close this case.

This is **not** a recommended ruling. The parties have consented to the exercise of jurisdiction by a magistrate judge and the case was transferred to the undersigned for all purposes on June 13, 2000. (See Doc. #21.)

**SO ORDERED** this 17th day of August, 2001, at Hartford, Connecticut.

DONNA F. MARTINEZ
UNITED STATES MAGISTRATE JUDGE

656 F.2d 212, 216 (6th Cir. 1981); McArthur v. Bell, 788 F. Supp. 706, 709 (E.D.N.Y. 1992); Noyce v. City of Iola, Kansas, No. 89-4092-R, 1990 WL 41399 (D. Kan. Mar. 29, 1990) (citing cases).

This court lacks subject matter jurisdiction to review the actions of the state court. See Moccio v. New York State Office of Court Admin., 95 F.3d 195, 198 (2d Cir. 1996) (holding that challenge under Rooker-Feldman doctrine goes to subject matter jurisdiction). The plaintiff's recourse is in the state courts with a final appeal to the United States Supreme Court. Because the district court lacks subject matter jurisdiction to review the actions of the state court, the defendants' motion to dismiss is granted as to any possible request that this court overturn the decision of the state court denying the petitioner's state habeas petition.

C. Failure to State a Claim

The defendants next contend that the plaintiff fails to state a claim against defendants Kindness, Welch and Perrotti. In addition, the court considers the claims against defendants Pierce, SuBoczy, Parlsi, Franco, Blanchette and Bernard. Because the court has granted the defendants' motion to dismiss as to all claims regarding the denial of anti-seizure medication, the court considers below only the allegations unrelated to the denial of medication.

1. <u>Defendant Kindness</u>

The plaintiff alleges that defendant Kindness swore at him and dropped his medication. Allegations of verbal harassment and name-calling are insufficient to support a claim under section 1983 unless the prisoner also alleges an appreciable injury. See <u>Purcell v. Coughlin</u>, 790 F.2d 263, 265 (2d Cir. 1986) ("The claim that a prison guard called Purcell names also did not allege any appreciable injury and was properly dismissed."). Here, the plaintiff does not allege that he suffered any injury as a result of the language used toward him by defendant Kindness. Thus, the verbal harassment claims are dismissed.

The plaintiff also alleges that defendant Kindness deliberately dropped his medication.[5] To the extent that the plaintiff is attempting to assert a claim against defendant Kindness for deliberate indifference to his serious medical needs, his claim fails. Deliberate indifference by prison officials to a prisoner's serious medical need constitutes cruel and unusual punishment in violation of the Eighth Amendment. See <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). To prevail on such a claim, however, the plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference" to

---

[5] The court notes that the plaintiff alleges that this incident happened after the state court had ruled that the Department of Correction had not violated the plaintiff's constitutional rights when it discontinued his anti-seizure medication. Because of the timing of the incident, the court is unclear as to what medication was being dispensed but considers the claim.

12

serious medical needs. Id. at 106. A prisoner must show intent to either deny or unreasonably delay access to needed medical care or the wanton infliction of unnecessary pain by prison personnel. See Id. at 104-05. Mere negligence will not support a section 1983 claim; the conduct complained of must "shock the conscience" or constitute a "barbarous act." McCloud v. Delaney, 677 F. Supp. 230, 232 (S.D.N.Y. 1988) (citing United States ex rel. Hyde v. McGinnis, 429 F.2d 864 (2d Cir. 1970)).

There are both subjective and objective components to the deliberate indifference standard. See Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994), cert. denied sub nom. Foote v. Hathaway, 513 U.S. 1154 (1995). The alleged deprivation must be "sufficiently serious" in objective terms. Wilson v. Seiter, 501 U.S. 294, 298 (1991). An inmate also must present evidence that, subjectively, the charged prison official acted with "a sufficiently culpable state of mind." Hathaway, 37 F.3d at 66. "[A] prison official does not act in a deliberately indifferent manner unless that official 'knows and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994).).

In this case, the plaintiff alleges only that defendant Kindness dropped his medication. He does not allege that he

13

failed to receive a replacement or that he suffered any effects from her actions. Accordingly, the court concludes that the plaintiff fails to state a claim against defendant Kindness for deliberate indifference to a serious medical need. Thus, the defendants' motion to dismiss is granted as to this claim as well.

2.  Defendant Welch

The plaintiff states only that defendant Welch was present in the medical unit at Bridgeport Correctional Center on one occasion when the plaintiff was admitted after experiencing a "blackout." He does not allege that defendant Welch did anything or violated any protected constitutional right. The court cannot discern any basis for a claim against defendant Welch. Accordingly, the defendants' motion to dismiss is granted as to defendant Welch.

3.  Defendants Perrotti and Pierce

The plaintiff alleges that defendants Perrotti and Pierce wrote misleading incident reports concerning his out-of-cell activities. False accusation, without more, is not cognizable in a section 1983 action. Inmates "have no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986), cert. denied, 485 U.S. 982 (1988). Inmates do, however, have a constitutional right "not to be deprived of a

14

protected liberty interest without due process of law." Id. An inmate's protection against false accusations lies in the procedural due process protections required in the hearing process by Wolff v. McDonnell, 418 U.S. 539, 564-66 (1974). See Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984). "[A]s long as the disciplinary hearing that follows a false misbehavior report complied with due process, the 'filing of unfounded charges [does] not give rise to a per se constitutional violation.'" Anderson v. Sullivan, 702 F. Supp. 424, 427 (S.D.N.Y. 1988)(quoting Freeman, 808 F.2d at 953). Thus, a false accusation, without more, does not violate an inmate's constitutional rights as long as the inmate has the opportunity to rebut the charge at a hearing. See Freeman, 808 F.2d at 951. See also Hanrahan v. Lane, 747 F.2d 1137 (7th Cir. 1984) (allegation by inmate that he was falsely accused, without more, does not state civil rights claim); Carolina v. Murray, No. 3:96cv1802(AHN), 1997 WL 317319, at *2 (D. Conn. May 23, 1997) (dismissing sua sponte complaint alleging false accusation where plaintiff failed to allege deprivation of procedural due process at associated disciplinary hearing).

Here, the plaintiff does not allege that he received a disciplinary report as a result of the allegedly misleading incident reports. Thus, he fails to state a claim upon which relief may be granted against defendants Perrotti and Pierce. The defendants' motion to dismiss is granted as to all claims

15

3:98-cv-01279

Ann E. Lynch, Esq.                                              rjj
Attorney General's Office
110 Sherman St.
Hartford, CT  06105

------------------------------

------------------------------