UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FRANCIS ANDERSON

v.

DEBBIE KINDNESS, et al.[1]

PRISONER
CASE NO. 3:95CV1280(PCD)(JGM)

## RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The plaintiff, currently an inmate at the Northern Correctional Institution in Somers, Connecticut, brings this civil rights action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. This action is predicated on 42 U.S.C. § 1983. The plaintiff alleges that the defendants displayed deliberate indifference to his serious medical needs in violation of the Eighth Amendment. The plaintiff further alleges that the defendants failed to adequately investigate his complaints regarding medical care. Now pending before the court is defendants' motion for summary judgment [doc. #59]. The plaintiff has filed his opposition to this motion [docs. ## 52, 53, 64]. For the reasons set forth below, the motion is GRANTED.

## STANDARD OF REVIEW

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. Rule 56(c), Fed. R. Civ. P.; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). A court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together

---

[1] The named defendants in this action are Debbie Kindness, Warden Robert Kupec and Captain Eric Stewart.

with affidavits, if any, show that there is no genuine issue as to any material fact . . . ." Miner v. City of Glens Falls, 999 F.2d 655, 661 (2d Cir. 1993) (citation omitted). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir.) (quoting Anderson, 477 U.S. at 248), cert. denied, 506 U.S. 965 (1992). After discovery, if the nonmoving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," then summary judgment is appropriate. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." Aldrich, 963 F.2d at 523. Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

In the context of a motion for summary judgment pursuant to Rule 56(c), disputed issues of fact are not material if the moving party would be entitled to judgment as a matter of law even if the disputed issues were resolved in favor of the nonmoving party. Such factual disputes, however genuine, are not material, and their presence will not preclude summary judgment. See Anderson, 477 U.S. at 248; Cartier v. Lussier, 955 F.2d 841, 845 (2d Cir. 1992).

## FACTUAL BACKGROUND

The plaintiff predicates this action on the following allegations. On April 5, 1995, the plaintiff was seen in the Northern Correctional Institution's medical unit by

2

defendant Nurse Debbie Kindness and Dr. McCoy. (See Am. Compl. at 1.) Defendant Kindness allegedly provided the plaintiff "some pills" in order to relieve plaintiff's complaints of constipation. (Id.) After taking the pills, the plaintiff contends that he developed a rash. (Id.) He was subsequently placed on sick call and seen by defendant Kindness. (Id.) During this appointment, the plaintiff asserts that defendant Kindness provided insufficient care and "humiliated" him. (Id.)

The plaintiff further asserts that on April 25, 1995, he experienced chest pains and alerted a correctional officer of this fact. (Id.) In response, defendant Kindness requested that the plaintiff be brought to the medical unit. (Id.) Upon his arrival at the treatment room the plaintiff informed defendant Kindness that his "chest hurt[ ]s bad." (Id.) Defendant Kindness allegedly told the plaintiff to "stop l[y]ing" and the plaintiff was returned to his cell. (Id.) Two correctional officers later escorted the plaintiff to the shower area where the plaintiff allegedly "spit up blood and food." (Id.) Medical personnel, including defendant Kindness, were summoned to the shower area. (Id.) The plaintiff asserts that defendant Kindness provided insufficient care and failed to take a sample of his "spit up." (Id.) Plaintiff wrote to defendant Warden Robert Kupec in order to complain of this incident. (Id. at 2.) An investigation conducted by defendant Captain Eric Stewart concluded that the plaintiff refused medical care. (Id.)

On approximately May 23, 1995, the plaintiff filed a habeas corpus petition in the Superior Court for the Judicial District of Tolland. (Defs.' Stat. of Facts ¶1.) In this petition, the plaintiff raised claims identical to those raised in the present complaint. (Id.) This petition was dismissed by the Superior Court on May 24, 1996. (Id. at ¶13.)

## DISCUSSION

The defendants' motion for summary judgment is premised on two main grounds. First, the defendants argue that the present action is barred by the doctrine of collateral estoppel. Second, the defendants assert that the plaintiff's allegations do not state a claim under the Eighth Amendment. In opposition, the plaintiff fails to address the issue of collateral estoppel. Rather, the plaintiff simply asserts that the defendants displayed deliberate indifference to his serious medical needs. The court shall explore the merits of these contentions below.

### I. Collateral Estoppel

Initially, the defendants contend that the plaintiff raised these identical issues in a state habeas corpus petition. See Anderson v. Warden, No. CV95-2029. There, the state court dismissed the petition after it determined that "the medical care provided to plaintiff did not rise to the level of cruel and unusual punishment . . . ." (See Defs.' Mem. at 4.) It is the defendants' position that the state court's dismissal of the habeas petition collaterally estops the plaintiff from bringing this action. This court agrees.

Under the Full Faith and Credit Clause of the United States Constitution, U.S. Const. Art. IV, § 1, "federal courts must accord state court judgments the same preclusive effect as other courts within that state." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). Thus, "issues actually litigated in a state-court proceeding are entitled to the same preclusive effect in a subsequent federal § 1983 suit as they enjoy in the courts of the state where the judgment was rendered." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). To determine whether the plaintiff is barred

4

from litigating the claims which were asserted in the original action, the court looks to Connecticut law. See Burgos, 14 F.3d at 790, 792 (federal court looks to state law to determine whether claims are barred by res judicata or collateral estoppel).

In Connecticut, the doctrine of collateral estoppel or issue preclusion bars a party from relitigating issues that were fully and fairly litigated in a prior action. Aetna Casualty & Surety Co. v. Jones, 220 Conn. 285, 302, 596 A.2d 414 (1991). An issue was fully and fairly litigated where the issue was "properly raised in the pleadings, submitted for determination, and in fact determined." Scalzo v. Danbury, 224 Conn. 124, 128, 617 A.2d 440 (1992). In addition to the full and fair litigation of an issue, a party seeking to invoke collateral estoppel must also demonstrate that a decision on the issue was "necessary to the judgment [in the prior action]." Busconi v. Dighello, 39 Conn. App. 753, 767-68, 668 A.2d 716 (1995) (citations omitted), cert. denied, 236 Conn. 903, 670 A.2d 321 (1996). Finally, there must not have been any procedural limitations in the original action which would have precluded a full and fair opportunity to litigate the issue.

Here, the habeas corpus petition was originally brought in the Connecticut Superior Court. The superior court is a court of general jurisdiction. Conn. Gen. Stat. § 51-164s; Hilton v. City of New Haven, 233 Conn. 701, 728, 661 A.2d 973, 986 (1995). Thus, there were no procedural impediments to a full and fair hearing on all claims.

The court next considers the complaints filed in the two actions to determine which issues were fully and fairly litigated in the prior action. A comparison of the two complaints reveals that the allegations concerning the denial or medical care are

5

essentially the same in the two complaints. Specifically, the state petition for writ of habeas corpus alleged:

> Debbie Kin[d]ness has . . . denied me medical help on 4-28-95.[2] I told Debbie Kindness my ches[t] hurt. [She] stated to me [I']m l[y]ing. Hours later [I] spit up blood and food. C/O Cardona [witnessed] this. The c/o's didn't wr[i]te an incident report when this happen. The next day C/O Peppe seen the spit up in the shower and wrote an incident on this. On about 4-5-95 I went to medical and was seen by Debbie Kin[d]ness . . . She gave me some pills to use the bathroom. I took one pill and the next day I broke out in a rash and told medical staff Reggie and he told me that I would be placed on sick-call. I w[e]nt to medical and was humiliated by Nurse Debbie Kin[d]ness and went back to my cell. [T]hat's when I start spitting up blood and food.

(See Aff. of Ann E. Lynch Ex. A.) In the present complaint, the plaintiff contends:

> (On 4-5-95) I went to medical and was seen by [D]ebbie Kindness . . . nurse . . . Kindness gave me some pills to use the bathroom when [I] received the pills days late[r] [I] took one and broke out in a rash . . . I went to medical and was humiliated by nurse . . . Kindness she didn't perform her duties properly. (On 4-25-95) I stated to unit C/O Cardona that my chest is hurting . . . Nurse . . . Kindness called me out of my cell to go to treatment room . . . I told [her] my chest hurt[ ]s bad she stated that my chest don't hurt stop l[y]ing . . . [Later] I start to spit up blood and food while in the shower . . . .

(See Am. Compl. at 1.) Furthermore, this court recognizes that the issue was fully and fairly litigated in the previous state court action. This is demonstrated by the fact that the plaintiff was afforded a full hearing on his state habeas petition. Specifically, the plaintiff was permitted to both testify and call witnesses in support of his claims. The plaintiff presented testimony in both manners at the hearing. The issue was also actually determined by the state court. That is, after assessing the evidence presented

---

[2] At the hearing on his state petition, the plaintiff stated that the actual date of the incident was April 25, 1995. (See Aff. of Ann E. Lynch at Ex. B, p.7.)

6

at the hearing, the state court concluded:

> I am going to dismiss the petition . . . You do not have from the evidence that you presented a situation that warrants the court's intrusion into the medical care that is being provided to you by the Department of Corrections. I am satisfied from the status of the evidence that you have not proven that you are not receiving adequate medical treatment, and it is your burden to prove that.

(See Aff. of Ann E. Lynch, Ex. B, p.39.) Finally, it is clear from this statement that a decision on the plaintiff's medical claim was necessary to the judgment in the state habeas action. A full adjudication of this issue in state court bars relitigation of the same issue here. Accordingly, summary judgment must be granted for all defendants on the plaintiff's Eighth Amendment claim.

## II. Remaining Claims

On December 12, 1996, the plaintiff filed an amended complaint in this action raising additional claims against defendants Kupec and Stewart. In his amended complaint the plaintiff alleges:

> I wrote Warden Kupec and he had Captain Stewart investigat[e] this incident and Captain Stewart stated that I refused medical treatment, [I] never refused medical treatment . . . Robert J. Kupec is the Warden of Northern Correctional Institution. He is legally responsible for the operation of Northern and for the welfare of all the prisoners . . . and Kupec undermin[e]d this medical problem . . . Captain Stewart didn't do a adequate investigation in this matter . . . Captain Stewart [is] negligen[t] . . .

(See Am. Compl. at 2.) The defendants' motion for summary judgment fails to squarely address the plaintiff's new allegations. This deficiency, however, does not preclude the court from examining these claims. Under the recent amendments to 28 U.S.C. § 1915, "the court shall dismiss [a] case at any time if the court determines that . . . the action . .

fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B). See Atkinson v. Bohn, 91 F.3d 1127, 1128-29 (8th Cir. 1996) (case dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e) after amended complaint filed); Everson v. Nelson, 941 F. Supp. 1048 (D. Kan. 1996) (court denied defendant's motion for summary judgment and dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e) a case filed in 1993). Thus, the court shall review the plaintiff's remaining claims pursuant to 28 U.S.C. § 1915(e) in order to determine whether they state a claim upon which relief may be granted.

### a. Eleventh Amendment Immunity

Generally, a suit for the recovery of money may not be maintained against the state itself, or against any agency or department of the state, unless the state has waived its sovereign immunity under the Eleventh Amendment. Florida Dep't of State v. Treasure Salvors, 458 U.S. 670, 684 (1982). Section 1983 does not override a state's Eleventh Amendment immunity. Quern v. Jordan, 440 U.S. 332, 342 (1979). The Eleventh Amendment immunity which protects the state from suits for monetary relief also protects state officials sued for damages in their official capacity. Kentucky v. Graham, 473 U.S. 159 (1985). A suit against a defendant in his official capacity is ultimately a suit against the state if any recovery would be expended from the public treasury. Pennhurst State Sch. and Hosp. v. Halderman, 465 U.S. 89, 101 n.11 (1984).

In the present case, the plaintiff is seeking $200,000 from the defendants in their official capacities. Any monetary recovery by the plaintiff against the defendants in their official capacities, however, would constitute a recovery against the state and as

such this suit is not actionable. Therefore, the claim for monetary damages is dismissed as to defendants Kupec and Stewart in their official capacities. See Neitzke, 490 U.S. at 325; 28 U.S.C. § 1915(e).

### b. Negligence and Respondeat Superior

In order to state a claim under 42 U.S.C. § 1983, the plaintiff must allege two essential elements. First, the plaintiff must assert facts sufficient to demonstrate that the defendant's misconduct occurred under color of state law. Second, the plaintiff must demonstrate that he has been deprived of a constitutionally or federally protected right. Lugar v. Edmondson Oil Co., 457 U.S. 922, 930 (1982); Washington v. James, 782 F.2d 1134, 1138 (2d Cir. 1986). Given that defendants Stewart and Kupec are employed by the Connecticut Department of Correction, the first factor is undisputed.

Initially, in examining the plaintiff's complaint against defendant Stewart it is apparent that his cause of action is based on a theory of negligence. In his complaint, the plaintiff claims that Stewart negligently investigated the plaintiff's allegations of inadequate medical care. Therefore, it is necessary to ascertain whether this cause of action is viable under section 1983.

The Supreme Court has defined the contours of the Eighth Amendment protection against cruel and unusual punishment, made applicable to the states by the Fourteenth Amendment, as follows:

> The Eighth Amendment's bar on inflicting cruel and unusual punishments . . . 'proscribe[s] more than physically barbarous punishments.' It prohibits penalties that are grossly disproportionate to the offense as well as those that transgress today's broad and idealistic concepts of dignity, civilized standards, humanity and decency.

9

should also be dismissed as to defendant Kupec for lack of personal involvement. Neitzke, 490 U.S. at 325, 28 U.S.C. § 1915(e). See also, e.g., Fisher v. Roberts, No. 90-0237-BH-M, 1990 U.S. Dist. LEXIS 6291, at *3-4 (S.D. Ala. Apr. 26, 1990) (section 1983 action based on respondeat superior not cognizable under Monell and subject to dismissal under Neitzke and section 1915(d), now amended as 1915(e)), adopted, 1990 U.S. Dist. LEXIS 6295 (S.D. Ala. May 24, 1990).

## CONCLUSION

Based on the foregoing analysis, the defendants' motion for summary judgment [doc. #59] is **GRANTED**. In addition, the plaintiff's claims against defendants Stewart and Kupec in both their individual and official capacities are **DISMISSED**. 28 U.S.C. § 1915(e). The Clerk is directed to close this case.

SO ORDERED.

Entered this 13th day of May, 1997, at New Haven, Connecticut.

_____
Peter C. Dorsey, Chief Judge
United States District Court