(Attachment A-1)

Ann E. Lynch                                    October 21, 2003
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105

<u>Caballero v. Armstrong et al.</u> No. 3:03cv407 (JCH)(HBF)

<u>Request For Admissions Served on
Defendant Larry Myers</u>

Pursuant to Rule 36, Fed. R. Civ. P., defendant Myers is directed to in writing under oath make the following admissions, within 30 days.

#1. Admit to the genuineness of the attached Inmate Grievance, Level-1, I.G.P. No. 141-2003-58, dated August 7, 2003 and admit that your subordinate Major Michael Lajoie was the Level-1 reviewer who sign this grievance.

#2. Admit to the genuineness of the attached letter by the plaintiff dated August 18, 2002, to your boss Commissioner Armstrong.

#3. Admit to the genuineness of the attached letter by your boss John J. Armstrong dated October 8, 2002 and further admit that this letter is a response to the plaintiff's letter dated August 18, 2002.

#4. Admit to the genuiness of the attached Inmate Grievance, Level 2 and 3, I.G.P. No 141-2003-58, dated August 21, 2002.

#5. Admit to the genuiness of the attached Inmate Request Form dated August 29, 2002 by the plaintiff, and further admit that your subordinate Major Christine Whidden responded to and sign this request.

#6. Admit to the genuiness of the attached Inmate Grievance, Level-1, I.G.P. No 141-2003-131 dated October 2, 2002 and admit that your subordinate Major Michael Lajoie was the Level-1 reviewer who sign this grievance.

#7. Admit to the genuiness of the attached Inmate Grievance, Level 2 and 3, I.G.P. No 141-2003-131.

#8. Admit to the genuiness of the attached Northern Inmate Dispatch dated May 6, 2003 and further admit that it is sign by your subordinate Major Thomas Coates.

Respectfully Submitted,

Angel Caballero, Jr.

Angel Caballero, Jr.
Northern C.I.
P.O. Box 665.
Somers, CT 06071.

# Inmate Grievance Form A - Level 1
## Connecticut Department of Correction

(Exhibit #12)

CN 9601A
7-1-98

| | |
|---|---|
| Inmate name: ANGEL Caballero | Inmate No. 214362 |
| Facility: Northern C.I. | |
| Housing unit: 1East #105 | Date: 8-7-02 |
| ☒ Line grievance   ☐ Line emergency   ☐ Health grievance   ☐ Health emergency | |

**1. Informal resolution.** Attach a copy of Inmate Form (CN 9602) containing the appropriate staff member's response, or indicate why the form is not attached.

(See all attached, Inmate Request to Warden Larry Myers, Major Whidden, and Major Lajoie.)

**2. Nature of grievance.** Indicate the events and reasons that led you to file this grievance. Specify dates, places, personnel involved, and how you were affected. (If you need more space, use an 8-1/2-by-11-inch sheet of paper and attach it to this form.)

I'm grieving the use of Full-Restraints during my one hour exercise period, as this policy puts my shoulders in extreme pain and strain, do to having to be out in the recreation yard with handcuffs behind my back with the tether chain connecting to the shackles, this form is very depressing and painful. Is impossible for me to exercise being in Full restraints like a wild animal.

**Action requested.** Describe what action you want taken to remedy the grievance.

I am requesting that the policy of having me go out to the exercise yard in Full Restraints and leaving me out there with handcuffs behind my back, shackles on my ankles with a tether chain connecting to both restraints to be discontinued.

Inmate signature: Angel Caballero 214362

You may appeal this decision within 5 days. Use Inmate Grievance Form B.

### FOR OFFICIAL USE ONLY. LEVEL 1 REVIEW

| no. 141-2003-53 | T no. | | |
|---|---|---|---|
| Date received: AUG 08 2002 | Disposition: Denied | Date of disposition: 8/19/02 |
| Grievance issue | Re: Unit Policy//Procedure | |

Reasons: You received responses from Major Whidden and Captain Faneuff. Once you progress to Phase 2, restraints are removed during recreation.

L-1 reviewer: [signature] 8/19/02

August 19, 2002

John J. Armstrong,
Commissioner of Dept. of Corrections.
24 Wolcott Hill Road.
Wethersfield, Conn 06109.

RE: Inmates' being subjected to cruel and unusual punishment through the policies, procedures and practices being enforce at the Northern C.I.

Dear Mr. Armstrong,

I respectfully submitt this letter to your person with the hopes that you will rectify and find a remedy to the matter in hand. I have tried to resolve this matter through the Warden Larry Myers, Major Christine Whidden, Major Lajoie, Capt. Fanuenff, but all of your appointed officials have denied any kind of remedy to my situation.

On February 26, 2002, I was placed on Administrative Detention for an assault Disciplinary Report and on March 31, 2002 I was placed on Administrative Segregation. Since my arrival to the Administrative Segregation Unit on 2-26-02, I have been denied and deprived of all opportunity to exercise

and I've suffered serious weight loss, loss of appetite, severe neck and back pain and stiffness to my joints. Also suffered from headaches, and muscle pain. The policy of going out to the exercise yard In Full Restraints with consist of handcuffs behind my back with shackles on my ankles and a tether chain connecting both restraints, has further cause scars to my wrists and ankles;

There is no possible way for me to engage in any kind of exercise attempting to will result in getting seriously injured do to being handcuff behind my back and not being able to break the fall at all. Going out in full restraints is very painful and straineous on my shoulders, and is a very depressing and stressful hour out in the exercise yard.

I'm requesting that the use of full restraints on Inmates' during their one hour per day exercise period be discontinued. This design and developement for incorporating the full use of restraints during all out of cell movement including during our one hour per day exercise period which was design by Doctor Patrick Hines, Ph.D., per your hiring him to do so.

This policy is depriving me of my right to be allow to exercise out doors and bringing pain physical and emotional distress to my person." As stated in the Connecticut General Statutes, Sec 18-81, you are responsible for the overall supervision and direction of all D.O.C., Institutions and facilities In which Inmates' are confined, for the promulgation and implementation of all Administrative Directives, policies and procedures of the D.O.C. and for protecting the safety and welfare of all Inmates Committed

to your care and custody. All I'm asking of you is to rectify these policies, practices and procedures that are being enforced by your personnel and authorize by you, to ensure a safe environment and safe setting for me and that will grant me the opportunity to exercise and to be free from cruel and unusual treatment. I'm requesting that the use of full restraints during my one hour exercise period be discontinued, do to the fact that is unconstitutional do to the reasons mentioned in this letter.

Dear Sir, I hope that you will take my matters into consideration and prevent any further violation of my constitutional and state laws to be given the opportunity to exercise during my recreation period.

Thank you for your time and I would like a response to this scribe.

Respectfully Submitted,

Angel Caballero, Jr.

Angel Caballero, Jr. 214362.
Northern C.I.
P.O. Box 665.
Somers, CT 06071.

C: Angel Caballero, File.



# STATE OF CONNECTICUT
## DEPARTMENT OF CORRECTION
### 24 WOLCOTT HILL ROAD
### WETHERSFIELD, CONNECTICUT 06109

John J. Armstrong
Commissioner

Telephone: 860-692-7481
Fax: 860-692-7483

October 8, 2002

Angel Caballero #214362
Northern Correctional Institution
289 Bilton Road
Somers, Connecticut 06071

Dear Mr. Caballero:

This letter is in response to your correspondence dated August 18, 2002 concerning the restraint policy at Northern Correctional Institution. Specifically, you request that the policy of full restraints during recreation be discontinued. You contend that the policy constitutes cruel and unusual punishment.

In accordance with Administrative Directive 9.4, Restrictive Status, restraints are required unless in a secure recreation area. Restraint status is consistent with the Department's Mission Statement which states, in part, that "The Department of Correction shall protect the public, protect staff, and ensure a safe and humane environment for offenders".

The provisions outlined in this Directive do not serve to limit the use of restraints; it simply establishes a minimum requirement. The Unit Administrator will determine the appropriate level of restraints to be used. Considering your assaultive history, removing the restraints would present an extreme risk to staff as well as other inmates. In addition, you may exercise in your cell without restraints.

As you progress through the Phase Program, your restraint status becomes less restrictive consistent with your behavior and program participation.

Sincerely,

John J. Armstrong
Commissioner

JJA/jab

cc:   Larry J. Myers, Lead Warden
      Esther Torres, CCS
      File

*An Equal Opportunity Employer*

130

(Exhibit #13)



# Inmate Grievance Form B, Levels 2 and 3
## Connecticut Department of Correction

CN
Rev.

Inmate Name: ANGEL Caballero    Inmate no. 214362

Facility: Nort. CORR. Inst    Housing unit: 1E-104    Date: 8-21-02

☒ Line grievance  ☐ Line emergency  ☐ Health grievance  ☐ Health emergency

No. 141-2003-58    T no.

Use this form to appeal a Level 1 decision: Grievance Form A (for Level 1) and any attachments must accompany this form; no review will be undertaken if they do not accompany this form. Your appeal must be filed within 5 days of the Level 1 response; deposit it in the box for inmate grievances.

Appeal. I am appealing the Level 1 decision because: I am unsatisfied with the disposition because I received no remedy or solution to the addressed issues and concerns mentioned in the Level 1 grievance. I ask that this policy be discontinue in order to guarantee me the right to exercise. As I am being denied of any form of exercise due to the policy.

Inmate signature: Angel Caballero    Date: 8-21-02

### FOR OFFICIAL USE ONLY – LEVEL 2 REVIEW

Date received: 08/29/02    Disposition: Denied    Date of disposition: 9/11/02

Reasons: You are appealing a level 1 grievance regarding Unit Policy/Procedure. You are being managed in accordance with Administrative Directive 9.4, Restrictive Status. This is for the safety and security of staff as well as inmates. As you progress through the program, the restraints are less restrictive. You are able to do various forms of exercise in your cell. Your grievance appeal is denied.

Level 2 reviewer: [signature]

☒ This grievance may be appealed within 5 days to Level 3
☐ This grievance may not be appealed to Level 3 (see A.D. 9.6, Section 17)

Appeal. I am appealing the Level 2 decision because:

Inmate signature:    Date:

Deposit your appeal in the box for inmate grievances

### FOR OFFICIAL USE ONLY – LEVEL 3 REVIEW

Date received:    Disposition:    Date of disposition:

Reasons:

Level 3 reviewer:

# CONNECTICUT DEPARTMENT OF CORRECTION
## NORTHERN CORRECTIONAL INSTITUTION
### INMATE REQUEST FORM

**HOUSING UNIT:** I (circled) / II / III  **EAST** or WEST  **Cell #** 104

**Date:** 8-29-02

**Inmate Name:** Angel Caballero  **Number:** 214362

**Request:** MS. Whidden, I would like to know, what is the purpose of putting inmates in the exercise yard in full-restraints? It's causing me a number of injuries, which I've been addressing to medical. I Hope that you can find some remedy to the issue at hand. Thank you.

(Continue on back if necessary)

**Submitted to:** Major Christine Whidden  **Date Received:** [AUG 2002 Received Major's Office stamp]

**Acted on by:** _____

**Action taken and/or response:** Sir- You are being managed in Accordance with AD 9.4 Restrictive Housing. This is an Agency Policy not an NCI Policy

**Date of Response to Inmate:** 9/2

**Signature of Staff Member:** [signature]  C. LT Ogelsby

CN 9850 (Revised 03-19-01)

132

(Exhibit #14)



# Inmate Grievance Form A, Level 1
## Connecticut Department of Correction

CN 9601 A
Rev. 1/8/02

Inmate Name: ANGEL CABALLERO
Facility: Northern C.I.
Inmate no.: 214362
Housing unit: 1E-104B
Date: 10-2-02

☒ Line grievance  ☐ Line emergency  ☐ Health grievance  ☐ Health emergency

**Informal resolution.** Attach a copy of Inmate Request Form (CN 9602) containing the appropriate staff member's response, or indicate why the form is not attached. SEE Attached, letters to Commissioner J. Armstrong and Deputy Commissioner J. Tokarz. Also, SEE Attached request From Majors Whidden, Lajoey, and Warden Myers. (PLEASE BE SURE to return back the enclosed)

**Nature of grievance.** Indicate the events and reasons that led you to file this grievance. Specify dates, places, personnel involved, and how you were affected. (If you need more space, use an 8½ by 11 inch sheet of paper and attach it to this form.) The nature of this grievance is because I am being denied and deprived of all opportunity to exercise and I've suffered serious weight loss, loss of appetite, severe neck and back pain and stiffness to my joints. Also, suffered From headaches and muscle pain. The policy of going out to the exercise yard in Full restraints has Further cause scars to my wrists and ankles. There is no possible way For me to enGaGe in any Kind of exercise (Continued of Attached PaGe).

**Action requested.** Describe what action you want taken to remedy the grievance. I am requesting that this policy and practice be re-consider as to ensure me of my right to be able to exercise during the one hour perday recreation Period and my constitutional Rights.

Inmate signature: Angel Caballero 214362

You may appeal this decision within 5 days. Use Inmate Grievance Form B.

---

**FOR OFFICIAL USE ONLY – LEVEL 1 REVIEW**

no. 141-2003-131  T no.
Received: OCT 04 2002  Disposition: Denied  Date of disposition: 10/24/02
Grievance issue: Unit policy/procedure

Reasons: Inmates in phase 1 are afforded 1 hour of out of cell time. The policy in phase 1 is that inmates shall exit the cell in full restraints. As you progress through the phase program the sanctions become less restrictive. While in your cell you have no restraints on, which does not preclude you from exercising at that time.

Level 1 reviewer: [signature] 10/24/02

133

Angel Caballero #214362
1 East - 104.
"Inmate Grievance Form A, Level 1"
October 2, 2002.

(Continue of sec. #2)

attempting to will result in getting seriously injured, do to being handcuffed behind my back and not being able to break the fall at all. Going outside in this fashion is very painful and straineous on my shoulders and is a very depressing and stressful hour out in the exercise yard.

Respectfully,

Angel Caballero
Angel Caballero
#214362
1E-104.



# Inmate Grievance Form B, Levels 2 and 3
## Connecticut Department of Correction

CN 9E Rev. 1.

| | |
|---|---|
| Inmate Name: Angel Caballero | Inmate no. 214362 |
| Facility: Northern C.I. | Housing unit: 1E-104B | Date: 10-30-02 |

☒ Line grievance ☐ Line emergency ☐ Health grievance ☐ Health emergency

IGP no. 141-2003-131         T no.

Use this form to appeal a Level 1 decision. Grievance Form A (for Level 1) and any attachments must accompany this form; no review will be undertaken if they do not accompany this form. You appeal must be filed within 5 days of the Level 1 response; deposit it in the box for inmate grievances.

**Appeal.** I am appealing the Level 1 decision because: I didn't receive any form of remedy to the problem and I'm still being denied the opportunity to regular out door exercise and the policy is hazardous to my well being and subjecting me to cruel and unusual punishment and shall be discontinued.

Inmate signature: Angel Caballero 214362        Date: 10-30-02

### FOR OFFICIAL USE ONLY – LEVEL 2 REVIEW

| Date received | 11/18/02 | Disposition: Denied | Date of disposition 12/05/02 |

**Reasons** You are appealing a level 1-grievance regarding unit policy/procedure. The Unit Policy at Northern C.I. is consistent with Administrative Directive 9.4, Restrictive Status. You are being managed in accordance with this directive. This policy is in place to ensure the safety of the staff as well as inmates. As indicated in the Level-1 response, inmates in Phase 1 are afforded 1 hour of out of cell time. As you progress through the program restraints are less restrictive. You are able to do various forms of exercise in your cell. Your grievance appeal is denied.

Level 2 reviewer: [signature]

☒ This grievance may be appealed within 5 days to Level 3
☐ This grievance may not be appealed to Level 3 (see A.D. 9.6, Section 17)

**Appeal.** I am appealing the Level 2 decision because: It was an irrational decision, do to the fact that I'm still being denied the opportunity to exercise outside do to the full-restraints policy, and its cause me severe back and neck pain as well as stiffness to my muscles and joints. I ask that this policy be discontinued as to guarantee me the right to be free from cruel and unusual punishment which I being subjected to.

Inmate signature: Angel Caballero #214362        Date: Dec. 19, 2002

Deposit your appeal in the box for inmate grievances

### FOR OFFICIAL USE ONLY – LEVEL 3 REVIEW

| Date received | 12/31/02 | Disposition: Denied | Date of disposition |

**Reasons** You are appealing a level 2-grievance denial regarding Department policy/procedure. The provisions in Administrative Directive 9.4, Restrictive Status, Attachment A, does not serve to limit the use of restraints; it simply establishes a minimum requirement. The Unit Administrator will use his discretion when removing handcuffs during recreation and will determine the appropriate level of restraints to be used when out of cell movement occurs. In view of your assaultive history, removing the restraints would present an unreasonable risk to staff as well as other inmates. As indicated in the level-2 response, you have no restraints while in your cell; you are able to do various forms of exercise. As you progress through the program the restraint policy is less restrictive, consistent with your behavior and program participation. Your grievance appeal is denied.

Level 3 reviewer: [signature]

# NORTHERN INMATE DISPATCH

**THOMAS COATES, ACTING WARDEN**

MAY 6, 2003

### ADMINISTRATIVE SEGREGATION INMATES

All Administrative Segregation Inmates will have a classification hearing within the next few weeks to determine your restraint status during recreation. The change will go into effect on May 19th, 2003.

Inmates who have been here more than thirty days will be reviewed to determine if they will be allowed to recreate in cuffs behind the back. After thirty days in that status, if successful, those inmates will be classified to recreate without restraints. Inmates will be escorted to and from the recreation yard in leg irons and cuffs behind the back when not on full restraint status.

Newly admitted A.S. Phase I inmates will recreate in full restraints (cuffs behind the back, leg irons and tether chain) for thirty days. If successful for the first thirty days, these inmates will be classified to recreate in cuffs behind the back for 30 days. Upon completion of another 30 days in that status, these inmates will be classified to recreate without restraints.

Inmates shall participate in recreation individually or with their cellmate if they are on the same restraint status.

### A.S. PHASE II

All inmates assigned to A.S. Phase II will be required to have handcuffs in the front during escort and recreation. After 30 days Phase II inmates shall be unrestrained during escort and recreation.

cc: All Staff

### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANGEL CABALLERO, JR. | : NO. 3:03CV407(JCH)(HBF) |
| VS. | : |
| JOHN ARMSTRONG, ET AL. | : OCTOBER 30, 2003 |

### DEFENDANT MYERS' RESPONSES TO
### PLAINTIFF'S REQUEST FOR ADMISSIONS

1. Admit to the genuiness of the attached Inmate Grievance, Level-1, I.G.P. No. 141-2003-58, dated August 7, 2003 and admit that your subordinate Major Michael Lajoie was the Level-1 reviewer who sign this grievance.

**ANSWER:** Admit only that it appears to be a response from Major Lajoie.

2. Admit to the genuiness of the attached letter by the plaintiff dated August 18, 2002, to your boss Commissioner Armstrong.

**ANSWER:** I am unable to admit or deny that this letter was written by plaintiff and sent to Commissioner Armstrong.

3. Admit to the genuiness of the attached letter by your boss John J. Armstrong dated October 8, 2002 and further admit that this letter is a response to the plaintiff's letter dated August 18, 2002.

**ANSWER:** Admit only that the letter dated October 8, 2002 appears to be from Commissioner Armstrong.

4.  Admit to the genuiness of the attached Inmate Grievance, Level 2 and 3, I.G.P. No. 141-2003-58, dated August 21, 2002.

**ANSWER:**  Admit only that it appears to be a Level 2 response to 141-2003-58.

5.  Admit to the genuiness of the attached Inmate Request Form dated August 29, 2002 by the plaintiff, and further admit that your subordinate Major Christine Whidden responded to and sign this request.

**ANSWER:**  Admit only that it appears to be an inmate request you wrote and appears to have been responded to by Major Whidden.

6.  Admit to the genuiness of the attached Inmate Grievance, Level-1, I.G.P. No. 141-2003-131 dated October 2, 2002 and admit that your subordinate Major Michael Lajoie was the Level-1 reviewer who signed this grievance.

**ANSWER:**  Admit only that it appears to be grievance by you and appears to have been responded to by Major Lajoie.

7.  Admit to the genuiness of the attached Inmate Grievance, Level 2 and 3, I.G.P. No. 141-2003-131.

**ANSWER:**  Admit only that it appears to be a Level 2 and Level 3 Response to 141-2003-131.

8.  Admit to the genuiness of the attached Northern Inmate Dispatch dated May 6, 2003 and further admit that it is sign by your subordinate Major Thomas Coates.

**ANSWER:**  Admit that it appears to be a Northern Inmate Dispatch signed by Acting Warden Coates. Deny that Acting Warden Coates was my subordinate at time.

Ann E. Lynch
Assistant Attorney General
110 Sherman St.
Hartford, CT 06105.

November 4, 2003.

Caballero V. Armstrong, et al
   No. 3:03 CV 407 (JCH) (HBF).

### Informal Attempted Discovery Dispute Resolution.

Dear Attorney Lynch,

I am respectfully attempting to informally resolve the following Discovery matters, I filed a request for Admissions on Defendant Myers on October 21, 2003. Defendant Myers filed answers dated October 30, 2003.

"Rule 37 (3) evasive or incomplete disclosure, answer, or response. For purposes of this subdivision an evasive or Incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond. Defendant Myers answers at Admission No. 1, 3, 4, 5, 6, 7, and 8, constitutes an evasive response and failure to answer or respond pursuant to Rule 37 (3) Fed. R. Civ. P., due to the following reasons;"

At answer #1; It stated that it appears to be a response from Major Lajoie. The word "appears" is intentionally evasive language and an evasive answer and response, because it does not Admit or Deny the request for Admissions.

At answer #3; It stated that the letter dated October 8, 2002 appears to be from Commissioner Armstrong. The word "appears" is intentionally evasive language and an evasive answer and response, because it does not Admit or Deny the request for Admissions.

At answer #4, It stated that it appears to be a Level 2 response to 141-2003-58. Again, the word "appears" is intentionally evasive language and an evasive answer and response, because it does not Admit or Deny the request for Admissions.

At answer #5, it stated that it appears to be an inmate request you wrote and appears to have been responded to by Major Whidden. The word "appears" is intentionally evasive language and an evasive answer and response, because it does not Admit or Deny the request for Admissions.

At answer #6, it stated that it appears to be grievance by you and appears to have been responded to by Major Lajoie. Again, the word "appears" is intentionally evasive language and an evasive answer and response, because it does not

Admit or Deny the request for Admissions.

At answer #7; it stated that it appears to be a Level 2 and Level 3 Response to 141-2003-131. The word "appears" is intentionally evasive language and an evasive answer and response, because again, it does not Admit or Deny the request for Admissions.

At answer #8; it stated that it appears to be a Northern Inmate Dispatch signed by Acting Warden Coates. The word 'appears' is intentionally evasive language and an evasive answer and response, because it does NOT Admit or Deny the request for Admissions.

I respectfully request for the foregoing violation to be informally correct it without the need for a Motion to Compel to be file.

Respectfully Submitted,
Angel Caballero, Jr.
Angel Caballero, Jr. #214362
Northern C.I.
P.O. Box 665.
Somers, CT 06071.