UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
ANGEL CABALLERO, JR.                    :
                                        :         PRISONER
     v.                                 :    Case No. 3:03CV407(JCH)
                                        :
COMMISSIONER JOHN J. ARMSTRONG, et al.: 
```

RULING AND ORDER

Pending are plaintiff's motion for leave to file a third amended complaint and motion for extension of time to respond to defendants' motion to dismiss. For the reasons that follow, plaintiff's motions are denied.

I.   Background

Plaintiff commenced this action by complaint filed on March 7, 2003. He named as defendants Commissioner John Armstrong, Deputy Commissioner Jack Tokarz, Warden Larry Myers, Dr. Patrick Hynes and Deputy Commissioner Peter Matos. Plaintiff filed an amended complaint on May 9, 2003. The first amended complaint included the same defendants but withdrew all claims against these defendants in their official capacities.

On August 26, 2003, plaintiff filed a motion for leave to file a second amended complaint. The proposed second amended complaint, dated August 21, 2003, added two defendants, Thomas

Coates and Michael Lajoie.  All defendants were named in their individual capacities only.  The court granted leave to file the second amended complaint on October 10, 2003.  On October 22, 2003, the court received plaintiff's motion to withdraw his motion for leave to file the proposed second amended complaint.  The court denied this motion and informed plaintiff that if he wished to withdraw the claims in the second amended complaint he should file a motion to withdraw without prejudice all claims against defendants Coates and Lajoie.  Plaintiff has not filed a motion to withdraw.

On November 19, 2003, the defendants filed a motion to dismiss the second amended complaint.  In response, plaintiff has filed a motion for leave to file a third amended complaint and a motion seeking an extension of time to respond to the motion to dismiss.  Plaintiff argues that the motion to dismiss should be denied as moot in light of his third amended complaint.

II.  Discussion

Rule 15(a), Fed. R. Civ. P., provides that permission to amend a complaint "shall be freely given when justice so requires."  Underlying this rule is an assumption that the amended complaint will clarify or amplify the original cause of action.  See Klos v. Haskell, 835 F. Supp. 710, 715 n.3 (W.D.N.Y. 1993), aff'd, 48 F.3d 81 (2d Cir. 1995).  In determining whether

2

to grant leave to amend, the court considers such factors as undue delay, bad faith, dilatory motive, undue prejudice and futility of the amendment. See Forman v. Davis, 371 U.S. 178, 182 (1962).

The operative complaint in this case, the second amended complaint dated August 21, 2003, names seven defendants and challenges the requirement that inmates at Northern Correctional Institution exercise in full restraints and the fact that inmates at Northern Correctional Institution are "double-celled" in the Administrative Segregation Program. The proposed third amended complaint adds eighteen defendants and new claims regarding the revised recreation policy instituted on May 6, 2003, inadequate clothing for outdoor recreation, inadequate medical care, excessive force against inmates, failure to document injuries by completing incident reports and taking photographs, failure to protect inmates from harm by cell mates and to protect plaintiff from a January 2003 assault by his cell mate, failure to provide mental health treatment from April 2002 through November 2003, failure to place plaintiff on single cell status and falsification of reports.

Plaintiff was aware of many of these claims at the time he filed his first amended complaint and was aware of all of the claims at the time he filed his second amended complaint, yet he

3

did not choose to assert those claim in the first three complaints. As indicated above, an amended complaint is intended to clarify existing claims, not add new claims to an existing action. If the court were to permit this amendment, the case would become more burdensome on the court.

In addition, at plaintiff's November 7, 2003 deposition, he told defendants' attorney that the only claim he intended to pursue in this case was that he was required to recreate in full restraints. He specifically informed counsel that he no longer intended to pursue the other claims included in the second amended complaint. Based on this response, counsel did not question plaintiff on any other claims. Defendants argue that if plaintiff were permitted to file the third amended complaint, they would be prejudiced in that they would have to schedule a second deposition. The court agrees.

Further, the court would be required to delay this action to effect service on the newly added defendants. For these reasons, plaintiff's motion for leave to file a third amended complaint is denied. If plaintiff wishes to pursue the new claims, he may do so by filing another lawsuit.

Plaintiff has filed a motion for extension of time to respond to defendants' motions to dismiss. He argues that the motions are moot because they are directed to the second amended

4

complaint.  In light of this ruling denying leave to file a third amended complaint, the second amended complaint remains the operative complaint.  Thus, defendants' motions are not moot. Plaintiff's motion for extension of time to respond to defendants' motion to dismiss is granted to the extent that plaintiff is directed to file his response to the motions to dismiss on or before January 7, 2003.

III. Conclusion

Plaintiff's Motion for Leave to File Amended Complaint [**doc. #29**] is **DENIED**.  Plaintiff's Motion for Extension of Time to File Response to Defendants' Motion to Dismiss [**doc. #38**] is **GRANTED** to the extent that plaintiff shall file his response to both motions to dismiss on or before **January 7, 2003.**

**SO ORDERED.**

Entered this 18th day of December, 2003, at Bridgeport, Connecticut.

```
       _____/s/_____
       HOLLY B. FITZSIMMONS
       UNITED STATES MAGISTRATE JUDGE
```