UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | PRISONER |
|---|---|
| ANGEL CABALLERO | : CIVIL NO. 3:03CV407 (JCH)(HBF) |
| V. | : |
| JOHN ARMSTRONG, ET AL. | : DECEMBER 22, 2003 |

## MEMORANDUM IN RESPONSE TO PLAINTIFF'S
## MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

### FACTS

This case is a pro se civil rights action by Angel Caballero, an inmate at the

Northern Correctional Institution.   When this action was instituted, it was an action

wherein plaintiff complained about having to recreate in restraints, an issue previously

litigated by plaintiff in habeas court.  See Caballero v. Warden, 2003 Conn. Super. Lexis

5 (2003).    On or about August 21, 2003, plaintiff moved to amend his complaint.

Thereafter, defendants appeared in the matter, unaware of plaintiff's motion for leave to

amend until defense counsel received the court's order dated October 10, 2003, granting

plaintiff's motion for leave to amend.  Thereafter, on October 15, 2003, plaintiff moved

to withdraw his amended complaint and on October 24, 2003, plaintiff requested that the

court recant its October 10, 2003 ruling.  Plaintiff was thereafter deposed on November 7,

2003.

At his deposition, plaintiff testified as follows:

Q.   Do you have any other claims in this lawsuit, Caballero versus
Armstrong, et al, that we haven't spoken about today?
A.  It depends; which complaint are you referring to?
Q.   Well, which one—because I know you filed a second amended one,
and then you tried to withdraw it; correct?
A.  Yeah. Correct. . . .

Q. I'm showing you, I think what was the first complaint that you filed.
Do you want to go back to the first complaint that you filed; is that what
you're trying to do?
A. Yeah. To the one that says May 2nd, yeah that one.

Plaintiff's deposition p. 52-53.

Shortly, thereafter, given plaintiff's expressed desire to go back to the May 2,
2003 complaint where plaintiff complained only about recreating in restraints, defendants
concluded plaintiff's deposition.

Less than a month after his deposition, plaintiff filed a motion file a second
amended complaint. Defendants objected to that motion. On or about December 15,
2003, plaintiff moved to amend his complaint a third time. Thus, plaintiff's motion for
leave to file a second amended complaint is now moot and thus should be denied.

The third amended complaint sets forth plaintiff's challenge to the propriety of
having to recreate in handcuffs and leg irons. Plaintiff alleges that he has been denied
"all meaningful exercise for 576 days." Plaintiff's third amended complaint par. 34.
Plaintiff admits that this policy has been relaxed since the time he litigated it, in that
instead of recreating in full restraints for six months, inmates must recreate in full
restraints for thirty days. Plaintiff's third amended complaint par. 41, 42

Because plaintiff's proposed amendments would be futile, plaintiff's request for
leave to amend should be denied and this action dismissed.

## ARGUMENT

A. Standard For Leave to Amend

The liberal rules of federal procedure provide that leave to amend should be freely
given when justice so requires. Rule 15(a), F.R. Civ. P.; Forman v. Davis, 371 U.S. 178,
182, 83 S. Ct. 227, 9 L.Ed. 2d 222 (1962). However, the Court has discretion in deciding

whether or not to grant leave to amend. Azurite Corp. v. Amster & Co., 52 F.3d 15, 19 (2nd Cir. 1995). Even in cases involving pro se litigants, it has been held that leave to amend need not be given if the proposed complaint does not indicate that a valid claim may be stated. Platsky v. CIA, 953 F.2d 26, 29 (2nd Cir. 1991) (per curiam). It need not be granted if it would be futile. Pargburn v. Culbertson, 200 F.3d 65, 70-71 (2nd Cir. 1999); Acito v. Imcera Group, Inc., 47 F.3d 47, 55 (2nd Cir 1995); Ricciuti v. N.Y.C. Transit Authority, 941 F.2d 199, 123 (2nd Cir. 1991); Katzman v. Khan, 67 F. Supp. 2d 103 (E.D.N.Y. 1999); Tri-State Judicial Services, Inc. Markowitz, 624 F. Supp. 925, 926 (E.D.N.Y. 1985).

C. Plaintiff is Collaterally Estopped From Raising the Claims in the Third Amended Complaint

Plaintiff has already litigated whether it constitutes cruel and unusual punishment to have plaintiff recreate in full restraints for a six month period. See Caballero v. Warden, 2003 Conn. Super. Lexis 5 (Conn. Super 2003)(attached). In the proposed amended complaint, plaintiff seeks to challenge both this recreation policy, and a newer, less restrictive policy, requiring recreation in full restraints for a minimum of thirty days rather than a minimum of 6 months. Because plaintiff has already litigated the issue of whether the more restrictive recreation policy violates the Eighth Amendment, the motion for leave to amend the complaint should be denied and this action dismissed.

The law is clear, on both the state and federal level, that collateral estoppel or issue preclusion "prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action." Aetna Casualty & Surety Co. v. Jones, 220 Conn. 285, 296 (1991); Scalzo v. Danbury, 224 Conn. 124, 128 (1992). Issue preclusion applies if:

3

"an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment,..." 1 Restatement (Second), Judgments § 27 (1982). An issue is "actually litigated" if it is properly raised in the pleadings, submitted for determination and in fact determined. *Id.*, 27.

Scalzo, 224 Conn. at 128.

The Connecticut Supreme Court has explained its rational for this doctrine:

> The doctrine of collateral estoppel is "based on the public policy that a party should ***not be able to relitigate a matter which it already has had an opportunity*** to litigate." In re Juvenile Appeal (83-DE). [190 Conn. 310, 316 (1983)].

Jones, 220 Conn at 296 (emphasis added); Scalzo, 224 Conn. at 127 (the doctrines of res judicata and collateral estoppel "promote judicial economy by preventing the relitigation of issues or claims previously resolved."). With res judicata, the federal courts have recognized that the full faith and credit clause has established throughout the federal system, the common-law principal that litigation once pursed to judgment shall be conclusive of rights of parties in every other court as in that where judgment was rendered. Morris v. Jones, 329 U.S. 545, 91 L.Ed. 488, 67 S.Ct. 451, 169 ALR 656, (1947), reh. Den. 330 U.S. 854, 91 L.Ed. 1296, 67 S.Ct. 858 (1947). And that conclusiveness of judgment extends to all matters that might have been adjudicated. Commonwealth ex rel. McClintock v. Kelly, 287 Pa. 139, 134 A. 514 (1926).

A judgment is final "not only as to every matter which was offered to sustain the claim, but also as to ***any other admissible matter*** which might have been offered for that purpose.... The rule of claim preclusion prevents reassertion of the same claim ***regardless of what additional or different evidence or legal theories might be advanced***

4

*in support of it."* Delahunty v. Massachusetts Mutual Life Insurance., 236 Conn. 582, 589 (1996) (emphasis added).

In addition, mutuality of parties is no longer required to successfully assert collateral estoppel. Jones, 220 Conn. at 302. In rejecting the mutuality requirement, the Connecticut Supreme Court explained:

> To allow a party who has fully and fairly litigated an issue prior to trial to avoid the force of a ruling against him *simply because he later finds himself faced by a different opponent* is simply inappropriate and unnecessary.
>
>      . . .
>
> In light of the scarcity of judicial time and resources, the repeated litigation of *issues that have already been conclusively resolved by a court* carries a considerable price tag in both money and time.

Jones, 220 Conn. at 302 (emphasis added).

The Second Circuit Court of Appeals recently upheld a district court's dismissal of a civil rights action based upon the collateral estoppel effect of a state court habeas action. Purdy v. Zeldes, 337 F.3d 253 (2d. Cir. 2003). The court stated:

> There is considerable overlap between the issues previously litigated and resolved in Purdy's habeas petition and those he attempts to raise as malpractice claims. . . . whether collateral estoppel applies to Purdy's malpractice claims turns on the standard of proof actually applied in denying his habeas petition. . . . A remand of Purdy's malpractice claims to the Vermont district court would require a second determination of whether Purdy suggered harm from Zeldes's alleged deficient representation. The doctrine of collateral estoppel is meant to foreclose this type of duplicative litigation. We therefore hold on this record Purdy is barred by the decision of the habeas court from bringing his current malpractice action.

Purdy v. Zeldes, 337 F.3d at 258, 259, 260.

Here, in order to prevail on a habeas challenging the conditions of confinement, an inmate must prove that he was subjected to cruel and unusual punishment, the same

5

standard which applies here.  See Fuller v. Commissioner of Correction, 75 Conn. App. 133 (2003); Hunnicutt v. Commissioner of Correction, 67 Conn. App. 65, 69-70 (2001).

Indeed, this court has previously held that plaintiffs are collaterally estopped from bringing civil rights actions in this court about matters previously litigated in state habeas court.  See Austin v. Blanchette, 3:98CV1279(DFM), Ruling on Defendants' Motion to Dismiss, Plaintiff's Motion for Summary Judgment and Plaintiff's Motion Not to Dismiss Summary, (D.Conn. August 2001)(attached); Chance v. Armstrong, 3:96CV1589(HBF), Ruling on Cross Motions for Summary Judgment (D.Conn. July 1999)(attached); Anderson v. Kindness, 3:95CV1280(PCD)(JGM), Ruling on Defendant's Motion for Summary Judgment, (D.Conn. May 1997)(attached).

Here, plaintiff previously brought an action in state court habeas court challenging the use of full restraints on plaintiff during recreation.  The court, after a full trial determined that plaintiff had failed to prove that he was being subjected to cruel and unusual punishment.

> In Arey v. Warden, 187 Conn. 324, 445 A.2d 916 (1982), that court held that if a writ seeks to vindicate rights under the eighth amendment to the United States constitution, the petitioner must establish, preferably by objective evidence, that his detention has subjected him to cruel and unusual punishment resulting from the unnecessary and wanton infliction of pain. . . . this court concludes that the petitioner has failed to show that the restraints applied by the respondent to the petitioner during his recreation violate the constitutional prohibition against cruel and unusual punishment.
>
> Caballero v. Warden, 2003 Conn. Super Lexis 5 p. 4, 5 (2003)(attached)

Here, plaintiff is seeking to re-litigate whether it violates his eighth amendment rights to have him recreate in full restraint for a minimum period of six months and/or for a minimum period of 30 days.  The propriety of the policy under which inmates recreated in full restraints for a minimum of six months was already litigated to decision in

6

Connecticut Superior Court. Accordingly, plaintiff's motion for leave to file a Third Amended Complaint should be denied and this action should be dismissed in its entirety on the ground of collateral estoppel.

## CONCLUSION

Wherefore, all the foregoing reasons, plaintiff's motion for leave to amend filed on December 15, 2003 should be denied and this action dismissed.

DEFENDANTS
John Armstrong, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Ann E. Lynch
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Tel: (860) 808-5450
Federal Bar #ct08326
E-Mail: ann.lynch@po.state.ct.us

7

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following this

22nd day of December, 2003:

Angel Caballero #214362
Northern Correctional Institution
287 Bilton Road
Somers, CT  06071

Ann E. Lynch
Assistant Attorney General

8