United States District Court
District of Connecticut

| | |
|---|---|
| Angel Caballero, Jr. | Civil Action No. |
| | 3:03 CV 407 (JCH)(HBF). |
| vs. | |
| John J. Armstrong, et al. | December 26, 2003. |

## Plaintiff's Motion In Opposition To Defendants' Memorandum In Response To Plaintiff's Motion For Leave To File Third Amended Complaint.

The plaintiff respectfully objects to the defendants' Memorandum In Response to plaintiff's Motion for Leave To file third Amended Complaint dated December 22, 2003.

### Facts:

The plaintiff has filed this Civil Rights action as a ~~pro-se~~ litigant and is currently incarcerated at the Northern Correctional Institution. The plaintiff filed an amended Complaint dated May 2, 2003 before the defendants' filed an apperance.

Thereafter, plaintiff moved for leave to file a Second Amended Complaint which was granted by this honorable Court by Order dated October 10, 2003 making the <u>Second Amended Complaint</u> the <u>Operative</u> Complaint. Thereafter, the defendants' filed <u>two</u> Seperate Motions to dismiss dated November 19, 2003 and November 24, 2003 <s>both</s> of these Motions are filed against the first <u>non-Operative</u> amended Complaint which makes them moot and thus should be denied. Thereafter, the plaintiff filed a Motion to leave to amend dated November 19, 2003. The defendants' then filed a Memorandum opposing to plaintiff's motion for leave dated December 8, 2003. Thereafter, the plaintiff filed a Motion to <u>Withdraw Motion For leave</u> to Amend dated December 10, 2003. Plaintiff thereafter filed a proposed <s>third amended</s> Complaint and Motion For leave to amend dated December 15, 2003.

  Plaintiff was deposed by the defendants' Counsel on November 7, 2003. At this deposition, plaintiff testified as follows:

  Q. Why do you want to withdraw the second amended Complaint?

  A. Because I want to seek legal assistance -- some form of legal assistance, so I could file one that's not, you know -- say, basically one that's going to be Correct. Because I'm struggling as far as

(2)

legal. I don't really know much about the law. So I'm struggling. So I seek legal assistance. (See attached Deposition transcript, pg. 53.)

The plaintiff <u>clearly</u> testified that he wanted to file a complaint that's correct. The plaintiff has now filed and accurate complaint dated December 15, 2003 were it was legally mandated to add the new defendants', because the old administration has retired, the violations of the denial of out-of-cell exercise and continued failure to protect the plaintiff by the defendants'. Therefore, the new administration (Defendants' added) are <u>liable</u>.

Defendants claims are frivolous, and deliberately attempt to <u>mislead</u> this honorable, as by reviewing the plaintiff's complaint it is evident that <u>no were</u>, in his complaint does he states that the use of full restraints was previously only for six months, these allegations made by the defendants' counsel are completely false and frivolous. Furthermore, the defendants' counsel has attempted to mislead this honorable court by filing two motions to dismiss dated November 17, 2003 and November 24, 2003 <u>both</u> of these motions are filed against the first <u>non-operative</u> amended complaint which makes them moot and thus should be denied.

(3)

Because defendants' allegations are futile, and frivolous, plaintiff respectfully request for the defendants' Memorandum In Response To plaintiff's Motion For Leave to file Third Amended Complaint to be <u>Denied</u>, and to <u>grant</u> the plaintiff's Motion For leave to File Third Amended Complaint dated December 15, 2003.

II.     <u>Arguement</u>

The plaintiff by motion dated December 15, 2003, has moved for leave to file a proposed third amended Complaint, which if granted will deem the defendants' Motions to dismiss as <u>moot</u>. Furthermore, the defendants' motions to dismiss are already <u>moot</u>, due to they are filed against plaintiff's <u>Non-Operative</u> first amended Complaint.

The proposed Amended Complaint contains a more detailed recitation of the underlying facts. As required by Rule 15 for relation back of Amendments, the claims "asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c). See, <u>Seigel v. Converters Transportation, Inc.</u>, 714 F.2d 213, 216 (2d Cir. 1983)

(4)

(relation back provisions of Rule 15(c) is to be liberally construed to ensure that claims are decided on the merits rather than on procedural technicalities).

"The same substantive legal theory need not be alleged in both complaints; rather the claims need only arise out of the same "conduct, transaction or occurrence". <u>Wasik v. Stevens Lincoln-Mercury Inc.</u>, 2000 U.S. Dist. Lexis 15438 *10 (D. Conn. March 20, 2000).

"Amplification of previously alleged claims is one of the clearest cases for leave to amend". <u>Wells v. Harris</u>, 185 F.R.D. at 132. "Moreover, even if there were some doubt about the claims set forth or attempted to be set forth in the plaintiff's <u>Pro-se</u> complaint (and there is not), "the Court 'must construe <u>pro-se</u> pleadings broadly, and interpret them" to raise the strongest arguments they suggest". <u>Parsons v. Pond</u>, 126 F. Supp. 2d 205, 207 (D. Conn. 2000) (JCH) (quoting <u>Cruz v. Gomez</u>, 202 F.3d 593, 597 (2nd Cir. 2000). See also, <u>Sundwall v. Leuba</u>, 2001 U.S. Dist. Lexis 737 *3 (D. Conn. January 23, 2001) (JCH) (same); <u>Clark v. Tosco Corp.</u>, 2000 U.S. Dist. Lexis 19368 *3 (D. Conn. October 17, 1998) (JCH) ("The Court is bound to construe <u>pro-se</u> complaint liberally").

<u>Shapiro v. Cantor</u>, 123 F.3d 717 (2nd Cir. 1997) District Court should freely give leave to amend

(5)

Complaint. This Court should grant leave to amend Complaint <u>Small v. Lehman</u>, 98 F.3d 762 (3rd Cir. 1996), Court should allow liberal amendment of pro-se plaintiffs Complaints. <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S.Ct. 227 (1962); <u>Interroyal Corp v. Sponseller</u>, 889 F.2d 108, 112 (6th Cir.), cert. denied, 494 U.S. 1091 (1990).

Furthermore, there can be no prejudice to the defendants from the granting of this request; but there would be profound injury to the plaintiff if the claims for relief set forth in the proposed amended complaint are not allowed to proceed. "Rule 15(a) requires that a Court's permission to amend a pleading 'shall be freely given when justice so requires'." <u>Kim v. Convent of the Sacred Heart</u>., 1998 U.S. Dist. Lexis 6692 *3 (D. Conn. 1998) (quoting Fed.R. Civ. P. 15(a); <u>Conntect, Inc v. Turbotect, Ltd.</u>, 1998 U.S. Dist. Lexis 2354 *5 (D. Conn. 1998). Justice requires amendment of the complaint in this case.

In addition, this Court has already found, based on clearly established law in this Circuit, that "exercise is one of the basic human needs protected by the 8th Amendment". <u>Williams I</u>, 111 F. Supp. 2d at 292 (citing <u>Williams v. Greifinger</u>, 97 F.3d 699, 704 (2d Cir. 1996) and <u>Anderson v. Coughlin</u>, 757 F.2d 33, 35 (2d Cir. 1985).

(6)

Furthermore, the defendants' claims of Collateral Estoppel are futile as it is clearly establish that Connecticut habeas Courts' can <u>not</u> grant Monetary relief, only injunctive relief. The plaintiff is <u>only</u> suing for declaratory and <u>Monetary</u> damages, and this Court has jurisdiction over this action.

Instead of filing a Supplemental Complaint to deal with the events that have occured since this case was filed, the plaintiff has filed the Amended Complaint and this court should grant leave freely to file the amended complaint dated December 15, 2003. <u>Keith v. Volpe</u>, 858 F.2d 467, 474 (9th Cir. 1988), cert. denied sub nom. <u>City of Hawthorne v. Wright</u>, 493 U.S. 813 (1989): <u>Griffin v. County School Board of Prince Edward County</u>, 377 U.S. 218, 227, 84 S.Ct. 1226 (1964): The plaintiff stands by his Motion for leave to file third amended complaint dated 15, 2003.

Wherefore, this honorable court should <u>denied</u> defendants' Memorandum in Response to plaintiff's Motion for leave to file third amended complaint, and liberally <u>Grant</u> plaintiff's Motion for leave dated December 15, 2003.

Respectfully Submitted,
Angel Caballero Jr.
Angel Caballero, Jr #214362.
Northern C.I., P.O. Box 665.
Somers, CT 06071.

(7)

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed in accordance with Rule 5(b) Fed. R. Civ. P., this 26 day of December, 2003 to:

Ann E. Lynch
Assistant Attorney General
110 Sherman St.
Hartford, CT 06105.

By: *Angel Caballero, Jr.*
Angel Caballero, Jr.
#214362
Northern C.I.
P.O. Box 665.
Somers, CT 06071.

Case 3:03-cv-00407-JCH   Document 47   Filed 01/05/2004   Page 9 of 10

Caballero vs Commissioner John Armstrong
11/7/2003                                                    Angel Caballero, Jr.

Page 1

```
 1              UNITED STATES DISTRICT COURT
                   DISTRICT OF CONNECTICUT
 2
 3
 4                                    )
     ANGEL CABALLERO, JR.,             )
 5          Plaintiff                  )
                                       )      PRISONER
 6   Vs.                               )      No: 3:03CV407 (JCH)
                                       )
 7   COMMISSIONER JOHN J.              )
     ARMSTRONG, ET AL                  )
 8          Defendants                 )          COPY
                                       )
 9
10
11          Deposition of ANGEL CABALLERO, JR., taken
     before Judith L. Kline, Certified Shorthand
12   Reporter/Notary Public in and for the State of
     Connecticut, pursuant to notice, at the Northern
13   Correctional Institution, 287 Bilton Road, Somers,
     Connecticut, on November 7, 2003 at approximately 9:00
14   a.m.
15
     APPEARANCES:
16
     FOR THE PLAINTIFF, (PRO SE):
17          ANGEL CABALLERO, JR.
            NORTHERN CORRECTIONAL INSTITUTION
18          287 Bilton Road
            Somers, CT 06071-1044
19
     FOR THE DEFENDANTS:
20          ANN E. LYNCH, ASSISTANT ATTORNEY GENERAL
            110 Sherman Street
21          Hartford, CT 06105
22   ALSO PRESENT:
            Correctional Officer Colon
23
24
25
```

```
 1      Q    I'm showing you, I think, what was the first
 2   complaint that you filed.  Do you want to go back to
 3   the first complaint that you filed; is that what
 4   you're trying to do?
 5      A    Yeah.  To the one that says May 2nd; yeah, that
 6   one.
 7      Q    Okay.  So you're asking the court to go back to
 8   the May 2, 2003 complaint?
 9      A    Yes.
10      Q    Why do you want to withdraw the second amended
11   complaint?
12      A    Because I want to seek legal assistance -- some
13   form of legal assistance, so I could file one that's
14   not, you know -- say, basically one that's going to be
15   correct.  Because I'm struggling as far as legal.  I
16   don't really know much about the law.  So I'm
17   struggling.  So I seek legal assistance.
18      Q    Do you have anything else you want to tell me
19   today?
20      A    Yeah.  I just want to say that my past -- my
21   past disciplinary reports, criminal charges and the
22   present disciplinary report that was falsely issued on
23   me, are nothing to do with the lawsuit I'm bringing in
24   court.
25      Q    I disagree with you, Mr. Caballero.  If I have
```