UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANGEL CABALLERO | : | CIVIL ACTION NO. |
| *Plaintiff* | : | 3:03CV407 (JCH)(HBF) |
| | : | |
| v. | : | |
| | : | |
| JOHN J. ARMSTRONG ET AL | : | |
| *Defendant* | : | December 19, 2003 |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

The plaintiff, Angel Caballero, brought this action alleging that the defendants were subjecting him to cruel and unusual punishment by requiring him to recreate in handcuffs and legirons. On or about November 24, 2003, defendants moved to dismiss this matter on the grounds that it was barred by the doctrine of collateral estoppel. More specifically, plaintiff had previously filed a habeas corpus action in state court challenging the same practice plaintiff challenges here, the placement of plaintiff in full restraints for recreation. After a full trial on the merits, the state habeas court decided that placing plaintiff in full restraints during recreation did not violate the Eighth Amendment.

> The use of full restraints during the recreation period is, in this court's conclusion, reasonable force applied in a good faith effort to maintain discipline surrounding the petitioner, an individual, who has proven his tendency to resort to violent behavior toward correction staff and other inmates.

Caballero v. Warden, 2003 Conn. Super LEXIS 5 at *9 (2003).

In light of the pendency of this motion to dismiss, on December 5, 2003, defense counsel wrote to plaintiff regarding outstanding discovery sent by plaintiff. Defense counsel stated:

> I am in receipt of the Second Set of Interrogatories dated November 24, 2003 addressed to Jack Tokarz, Requests for Admission dated November 20, 2003, addressed to Larry Myers, Peter Matos, Jack Tokarz, which were all placed in one

envelope postmarked November 26, 2003. I am also in receipt of Interrogatories dated October 23, 2003 addressed to Jack Tokarz, and Peter Matos, which were postmarked October 27, 2003. I am also in receipt of Interrogatories dated October 24, 2003 addressed to Larry Myers.

This discovery pertains to the use of restraints at recreation. As you know, you litigated that issue and lost in a habeas corpus action and thus, I recently moved to dismiss your claims about having to recreate in restraints. Accordingly, I am planning on moving for a protective order, seeking to be excused from answering the above referenced discovery.

Please advise me by mailing me a quick note no later than Friday December 12, 2003 if you consent or object to such a motion for protective order.

Affidavit of Ann E. Lynch, par. 3.

Thereafter, on December 11, 2003, defense counsel received a letter from plaintiff stating, "I agree that it is reasonable to consent to your request for a protective order, from having the defendants' answer to my pending discovery." Affidavit of Ann E. Lynch par. 4.

Because there is no objection to defendants' motion for protective order, defendants respectfully ask the court to grant it.

RESPECTFULLY SUBMITTED,
JOHN ARMSTRONG ET AL

BY: RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Ann E. Lynch
Assistant Attorney General
Federal Bar No. ct 08326
110 Sherman Street
Hartford, CT 06105
Tel: (860) 808-5450
Fax: (860) 808-5591

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 19th day of December, 2003, first class postage prepaid to:

Angel Caballero
#214362
Northern Correctional Institution
287 Bilton Road
P.O. Box 665
Somers Ct 06071

Ann E. Lynch
Assistant Attorney General