United States District Court

District Of Connecticut

FILED
2004 JAN -7 P 4:38

US DISTRICT COURT
BRIDGEPORT CT

Angel Caballero, Jr.

vs.

John J. Armstrong, et al.

Civil Action No.:

3:03 CV 407 (JCH)(HBF).

December 30, 2003.

## Motion For Leave To File a Third Amended Complaint.

Pursuant to Fed. R. Civ. P., 15(a), the plaintiff respectfully requests leave to file the Amended Complaint, attached hereto.

1. The proposed Third amended Complaint contains a more detailed recitation of the underlying facts.

2. An Amended Complaint is necessary to clarify and sufficiently allege the plaintiff's claims for violations of his Constitutional rights. This Court should grant leave freely to Amend a Complaint. Forman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227 (1962); Interroyal Corp v. Sponseller, 889 F.2d 108, 112 (6th Cir.), cert. denied, 494 U.S. 1091 (1990).

3. There can be no prejudice to the defendants' from the granting of this request; but there would be profound injury to the plaintiff if the claims for relief set forth in the proposed amended complaint are not allowed to proceed. As indicated above an amended complaint is intended to clarify existing claims. Rule 15(a), Fed. R. Civ. P., provides that permission to amend a complaint "shall be freely given when justice so requires." The amended complaint will clarify or amplify the original cause of action. See Klos v. Haskell, 835 F. Supp. 710, 715 n.3 (W.D.N.Y. 1993), aff'd, 48 F.3d 81 (2d Cir. 1995). Kim v. Convent of the Sacred Heart, 1998 U.S. Dist. Lexis 6692 *3 (D. Conn. 1998) (quoting Fed. R. Civ. P., 15(a)); Conntect, Inc v. Turbotect, LTD., 1998 U.S. Dist. Lexis 2354 5 (D. Conn. 1998).

4. "Amplification of previously alleged claims is one of the clearest cases for leave to amend". Wells v. Harris, 185 F.R.D. at 132. Moreover, even if there were some doubt about the claims set forth or attempted to be set forth in the plaintiff's pro-se complaint (and there is not), "the court 'must construe pro-se pleadings broadly and interpret them to raise the strongest arguments they suggest". Parsons v. Pond,

(2)

126 F. Supp. 2d 205, 207 (D. Conn. 2000) (JCH) (quoting <u>Cruz v. Gomez</u>, 202 F.3d 593, 597 (2nd Cir. 2000). See also, <u>Sundwall v. Leuba</u>, 2001 U.S. Dist. Lexis 737 *3 (D. Conn. January 23, 2001) (JCH) (same); <u>Clark v. Tosco Corp</u>, 2000 U.S. Dist. Lexis 19368 *3 (D. Conn. October 17, 1998) (JCH) ("The Court is bound to construe pro-se complaint liberally".)

<u>Shapiro v. Cantor</u>, 123 F.3d 717 (2nd Cir. 1997) District Court should freely give leave to amend complaint.

5. The plaintiff does not wish to burden the court, and <u>does not</u> make this amendment in bad faith. Plaintiff only intends to <u>clarify</u> the existing claims. Justice requires amendment of the complaint in this case.

Wherefore, this honorable court should grant him leave to filed the attached proposed third amended complaint.

Respectfully Submitted,

Angel Caballero, Jr

Angel Caballero, Jr. #214362.
Northern C.I.
P.O. Box 665.
Somers, CT 06071.

(3)

## Certification

I hereby certify that a copy of the foregoing was mailed on this 30th day of December, 2003 to the following:

Ann E. Lynch
Assistant Attorney General
110 Sherman Street.
Hartford, CT 06105.

By: *Angel Caballero, Jr.*
    Angel Caballero, Jr.

(4)