United States District Court
District Of Connecticut

| | |
|---|---|
| Angel Caballero, Jr. | Civil Action No. |
| | 3:03 CV 407 (JCH) (HBF) |
| v. | |
| John J. Armstrong, et al. | December 30, 2003. |

Plaintiff's Memorandum of law In Opposition to Defendants Motion To Dismiss.

Plaintiff brings this action under 42 U.S.C. 1983, 1986 and 1988 and seeks damages for the violation of his Eighth and Fourteenth Amendments right to exercise and invokes the Court's supplemental jurisdiction to address state law claims of assault and battery arising from the use of iron restraints, All defendants are sued in their <u>Individual Capacity Only</u>, plaintiff is incapable of receiving Injunctive relief in this Action. Plaintiff had a State Habeas Corpus in which the only Relief he can receive In Habeas Court is Injunctive. Habeas Court in Connecticut <u>Cannot</u> award Monetary Relief For Damages.

Furthermore, the plaintiff <u>did not</u> get a full opportunity to fully litigated his case at the State Habeas Court, as he was <u>denied</u> all of the witnesses he had requested to present for his defense and to prove his case at Trial. However, he was <u>denied</u> his right to present witnesses, therefore, he <u>did not</u> get to ~~fully litigate~~ his case.

Accordingly Plaintiff moves this Court to Deny Defendants Motion to Dismiss.

A. <u>Discussion</u>

<u>Standard For Denying Defendants Motion</u>

A "Court of Competent Jurisdiction" is one that has Jurisdiction of the parties and subject matter. If a prisoner brings a State Habeas Action in which the State Court lacks Jurisdiction to award damages, the prisoner is not barred from bringing a 1983 For Damages; <u>Burgos v. Hopkins</u>, 14 F.3d 787, 790-91 (2d cir. 1994); <u>Bates v. Dept. of Corrections</u>, 774 F. Supp. 536, 539 (ED Wis 1991); <u>Catten v. Coughlin</u>, 644 F. Supp. 1228, 1229 (S.D.N.Y. 1986) citing <u>Davidson v. Capuano</u>, 792 F.2d 275, 278 (2d Cir. 1986).

#2

B. This matter should not be dismissed because plaintiff cannot recover for damages in a State Habeas Corpus in Connecticut and Defendants being sued in their Individual Capacity only in this Action does not permit plaintiff to injunctive relief.

One court has recently held that a Habeas Corpus proceeding is not the same cause of action as a 1983 damage claim and a prisoner is not barked from pursuing a 1983 damage action. <u>Rhodes v. Hannigan</u>, 12 F.3d, 989, 991-92 (10th Cir. 1993).

Here, plaintiff has a 1983 Action for damages and defendants are sued in their Individual Capacity Only. State Habeas Petition cannot award damages and can only in limited circumstances grant injunctive order. The defendants Motion should be Denied.

<u>Conclusion</u>

WHEREFORE, all the foregoing reasons and the plaintiff respectfully request that the Defendants Motion be denied.

Respectfully Submitted,
Angel Caballero Jr.

#3