7/8/04

## United States District Court
## District OF Connecticut.

| | |
|---|---|
| Angel Caballero, Jr.<br>Plaintiff | Civil Action No.<br>3:03 CV 407 (JCH)(HBF). |
| Vs. | Jury Trial Demanded. |
| John J. Armstrong,<br>Jack Tokarz, Peter Matos,<br>Larry Myers, Thomas Coates,<br>and Michael Lajoie.<br>Defendants. | Defendants sued in<br>their <u>Individual<br>Capacities Only.</u><br><br>December 30, 2003. |

## Third Amended Complaint

## Nature Of the Lawsuit.

1. This is a lawsuit arising out of the defendants denying the plaintiff his right to meaningful exercise and outside recreation.

2. The plaintiff claims abridgement of his rights to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments of the United States Constitution.

3. Accordingly, the plaintiff brings this lawsuit for monetary damages to enjoin the defendants harmful and unconstitutional conduct, to compensate him for the serious and permanent injuries he has suffered, and to punish the defendants for their prior and ongoing, blatant and unapologetic violations of the plaintiff's constitutional rights and his dignity as a human being.

4. Jurisdiction of this Court is invoked under provisions of 1331, 1343 (1 through 4) and 1367 (a) of Title 28, 1983 and 1988 of Title 42 of the United States Code. Jurisdiction to provide declaratory relief is conferred on this Court by 28 U.S.C. § 2201 - 2202, and Rule 57 of Fed. R. Civ. P.

<u>Parties</u>:

5. The plaintiff, Angel Caballero, Jr., was at all times relevant to this Complaint a resident of the State of Connecticut. At the time of the incidents complained of herein, he was an inmate in the care and custody of the State of Connecticut Department of Correction.

#2

6. Defendant John J. Armstrong was at all relevant times the Commissioner of the Connecticut Department of Correction. As such, he was Cabinet-level State Official, responsible to the State Chief Executive, the Governor of Connecticut. He is responsible for the administration of this state's Correctional System, the Care and custody of persons incarcerated by the Department, and the hiring, supervision, training, discipline, and control of persons working for the Department. Defendant Armstrong is also responsible directly and in his Supervisory Capacities for the codification, distribution and enforcement of Department policies, practices and Administrative Directives.

7. Defendants Jack Tokarz and Peter Matos were at all relevant times, Deputy Commissioners of the Department of Correction. As such, they were members of the Department's Central Office, responsible for administering, coordinating and controlling the supervision and direction of institutions, facilities, and activities of the Department. Defendants Tokarz and Matos were specifically responsible, either directly or in a supervisory capacity, for ; (a) supervision, training, discipline and control of persons working for the Department; (B) the establishment and enforcement of policies and practices; (C) the care and custody of the plaintiff.

#3.

8. Defendant Larry Myers was at all relevant times, Lead Warden of Northern Correctional Institution (N.C.I), and defendants Coates and Lajoie were Acting Wardens/ Majors at all relevant times. As such, they were responsible for administering, coordinating, supervising and controlling the operation of Northern Correctional Institution, and is specifically responsible, either directly or in a supervisory capacity, for ; (a) the supervision, training, discipline and control of persons working for the Department ; (b) the establishment and enforcement of policies and practices ; (c) the care and custody of the plaintiff.

9. At all times relevant to this complaint, the defendants each of them were acting under color of law, that is, under color of the Constitution, statutes, laws, regulations, custom and usages of the State of Connecticut.

Factual Allegations :

10. The plaintiff seeks judgment against defendants Armstrong, Tokarz, Matos, Myers, Coates and Lajoie, declaring that their policy requiring inmates confined in Northern Correctional Institution, Administrative Segregation, phase one, to wear full mechanical

#4.

restraints while in the outside exercise recreation yard totally denies meaningful exercise and is cruel and unusual punishment in violation of the Eighth Amendment.

11. Inmates housed in Northern C.I., Administrative Segregation, phase one are entitled to one hour out-of-cell recreation and exercise per day, five days a week.

12. Inmates are placed in individual exercise yards and/or often called cages by their selves or with the cell partner, if he chooses to go outside.

13. The individual exercise cages are open to the sky, but are covered with wire fencing.

14. The doors to the exercise cages are made of iron and is locked during the time an inmate is in the cage.

15. The exercise cage door contains a small approximately six inches by ten inches seperately lockable hatch through which an inmate may extend his hands out, so that guards can apply or remove restraints without unlocking the cage door, it also contains a seperately lockable hatch on the bottom of the door, so that guards can apply or remove the leg irons without

#5

unlocking the cage door, while an inmate is secure in the cage.

16. The exercise cages are approximately ten feet by twenty feet. No exercise equipment is provided in the cages, but the space (could) permit an inmate to engage in activities such as calisthenics, jogging, walking, push-ups, etc.

17. The defendants had the authority to remove all iron restraints from the plaintiffs body during his one hour of recreation under (Adm. Dir. 9.4) Attachment (A) provisions and management standards, page 1 and 3, but each defendant failed to do so thereby causing the plaintiff physical injuries some or all of which may be permanent.

18. This policy of not removing the full restraints consisting of (handcuffs behind the back), leg irons on the ankles and a heavy tether chain attached to the handcuffs and shackles, it is clearly a unconstitutional policy, because it totally denies the right to meaningful exercise. Meaningful exercise is impossible.

19. In addition, this policy is unconstitutional

#6

because it places the safety of the inmates in imminent and serious danger. Because the movement in such full restraints is so restrictive that if an inmate (the plaintiff) were to loose his balance he could fall and would be unable to prevent serious injury. The defendants have acted with deliberate indifference to the rights of inmates and their safety.

20. The helplessness of the plaintiff and all inmates in these full restraints, and the resulting very serious hazard to the plaintiff's safety is extremely unconstitutional.

21. The plaintiff cannot engage in any meaningful exercise in his cell, because of the following stated reasons:

a. The cells at Northern C.I., are too small. The cells contain a cell partner, two bunk beds, toilet, sink, desk, and stool, and two big lockers;

b. The ventilation in the cells is poor due to the ventilation vents being permanently clogged-up;

c. The running water in the cells have timers making it impossible to adequately wash-up, if

#7

plaintiff was to exercise becoming sweaty, he could not wash up afterwards ;

d. The defendants due to the prison overcrowding in Connecticut, they have doubled the cells up at Northern C.I. maximum custody. If the plaintiff was to attempt to exercise in the cell, creating body odor, becoming sweaty, steaming up the small cell with no possible way to adequately wash up, it would make any cell partner, violent man, extremely hostile and it would place the plaintiff's life and his safety in extreme danger.

22. Due to the defendants unconstitutional policy of using full restraints on the plaintiff as is described herein, the plaintiff has sustained serious, multiple, permanent injuries. The plaintiff has sustained serious deep cuts, and abrassions to his wrists and ankles from the handcuffs and leg irons digging into, and rubbing, and pressing into his flesh which has caused serious permanent scars to his wrists and ankles.

23. Additionally, due to the defendants denying the plaintiff any opportunity to meaningful exercise, he has suffered serious depression, loss of appetite, severe back pain, neck pain and shoulder pain, and stiffness and pain of his joints and muscles.

24. Additionally, the defendants unconstitutional policy of using full restraints on the plaintiff as is described herein, has inflicted extreme pain and strain on the plaintiff's shoulder and his back, due to his being forced to be in the restraints and in the painful position for an entire hour outside in the exercise yard. Furthermore, it has inflicted depression, stress and infact punishment of torture.

25. The plaintiff is confined to his cell 23 hours per day, Monday through Friday, and confined to his cell 24 hours per day Saturday, Sunday and legal Holidays.

26. The plaintiff out of cell movement consist of (3) showers per week, one fiftheen minutes phone call per week and one hour per day of out-of-cell

restraints, but they failed and refused to do so.

29. The plaintiff was continueously treated by a physician and medical staff for injuries caused by the defendants acts and omissions.

30. The medical treatment from a physician and medical for the injuries to the plaintiff caused by the defendants have been Motrin (400MG), Naproxine,

(c). They created the policy and custom, and they allowed the continuance of the policy and custom, of the use of full restraints at recreation which clearly denied all meaningful exercise;

(D). They were deliberately indifferent in supervising and training subordinates who committed the wrongful acts described herein; and

(E). They exhibited deliberate indifference to the plaintiff's rights by failing to act on information indicating that unconstitutional acts were occurring.

33. The plaintiff verbally and through numerous inmate request forms, and through letters and through filed grievances and appeals, he very specifically addressed the violations herein to defendants Armstrong, Tokarz, Matos, Myers, Coates and Lajoie. Each defendant failed to remedy the wrong and exhibited deliberate indifference to the plaintiff's rights as described herein.

34. By their acts and failures to act, the defendants subjected the plaintiff to serious pain, and physical and mental injury in violation of his rights

#11

under the Eighth and Fourteenth Amendments of the United States Constitution.

35. The plaintiff has completely exhausted all administrative remedies as available.

## First Claim For Relief

Declaratory judgment pursuant to 28 U.S.C. § 2201 - 2202 against all defendants.

36. The plaintiff realleges and incorporates herein by reference each and every allegation of paragraphs 1 through 35.

37. There is an actual controversy between the plaintiff and the defendants concerning the existance, nature, scope, and severity of the violation of plaintiff's rights under the united states Constitution.

38. The plaintiff is entitled to a declaration of his rights and remedies.

## Second Claim For Relief

Denial of out-of-cell exercise against defendants Armstrong, Tokarz, Matos, Myers, Coates and Lajoie, in their Individual Capacities, pursuant to 42 U.S.C. §1983.

39. Plaintiff realleges and incorporates by reference each and every allegation in paragraphs 1 through 35.

40. By failing to provide the plaintiff with, and by failing to ensure the provision of, out-of-cell exercise, the defendants knowingly violated the plaintiff's clearly established right to exercise. The defendants knowingly disregarded an excessive risk to the plaintiff's health and knowingly subjected him to severe pain, anxiety, mental anguish, discomfort and physical, and mental injury. Thereby violating the plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution.

## Third Claim For Relief

Deliberate indifference to safety — Failure to protect — against defendants Armstrong, Tokarz, Matos, Myers, Coates and Lajoie, in their individual capacities, pursuant to 42 U.S.C. §1983.

41. Plaintiff realleges and incorporates by reference each and every allegation in paragraphs 1 through 35.

42. Each defendant knew that the use of full

#13

restraints on inmates (the plaintiff) at outside recreation placed inmates safety and well being at a profound risk of harm.

43. Each defendant could have taken action to stop the excessive force by the use of the full restraints, to prevent injury to the plaintiff, but they refused and failed to.

44. Each defendant failed to protect the plaintiff from being subjected to the serious and permanent injuries, thereby violating the plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution.

## Prayer For Relief

WHEREFORE, plaintiff Angel Caballero, Jr., prays for the relief as follows:

1. For a declaration that the defendants, and each of them, subjected the plaintiff to a violation of his Constitutional rights;

2. For compensatory damages of $150,000.00;

#14

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed this __30__ day of December, 2003 to the following:

Ann E. Lynch
Assistant Attorney General
110 Sherman Street.
Hartford, CT 06105.

By: Angel Caballero, Jr.
Angel Caballero, Jr.
Plaintiff

#16