FORM 1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 AUG 11 P 3:25
U.S. DISTRICT COURT
BRIDGEPORT, CONN

Angel Caballero, Jr.

v.                                    CIVIL CASE NO. 3:03-CV-407 (JCH)(HBF)

John J. Armstrong, et al.

## NOTICE OF APPEAL

1. Pursuant to F. R. A. P. 4(a)(1), __Angel Caballero, Jr__ hereby gives notice and
   (appealing party)
appeals to the United States Court of Appeals for the Second Circuit from the following

Judgment or Order (describe the Judgment or Order):
__Judgment of Dismissal enter on July 12th of 2004,__
__by United States District Judge Janet C. Hall. Respectably__
__please (see attach Judgment order).__

2. The Judgment/Order in this action was entered on __July 12th of 2004__.
   (date)

                                    __Angel Caballero, Jr__
                                    Signature

                                    __Angel Caballero, Jr #214362__
                                    Print Name

                                    __Northern C.I., P.O. Box 665__

                                    __Somers, Ct 06071__
                                    Address

Date: __7/26/04__
                                    _____
                                    Telephone Number

Note: You may use this form to take an appeal provided that it is received by the Office of the Clerk of the U.S. District Court within 30 days of the date on which the judgment was entered (60 days if the United States or an officer or agency of the United States is a party).

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 JUL -8 P 4:36
U.S. DISTRICT COURT

ANGEL CABALLERO, JR.

v.

COMMISSIONER JOHN J. ARMSTRONG,

PRISONER CASE NO.
3:03-cv-407 (JCH)(HBF)

JULY 8, 2004

**RULING ON PLAINTIFF'S MOTIONS TO WITHDRAW [Dkt. No. 51]
AND FOR LEAVE TO AMEND [Dkt. No. 52] AND DEFENDANTS'
MOTIONS TO DISMISS [Dkt. Nos. 28, 30]**

Plaintiff Angel Caballero, Jr. ("Caballero"), currently confined at the Northern Correctional Institution in Somers, Connecticut, commenced this civil rights action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915. He challenges the institutional practice of requiring inmates to recreate in full restraints and asserts supplemental state law claims. Defendants have filed motions to dismiss directed to the first and second amended complaints. While those motions were pending, Caballero filed a motion to withdraw his second motion for leave to file a third amended complaint along with a third motion for leave to file a third amended complaint. For the reasons that follow, Caballero's motion for leave to amend is granted and his motion to withdraw is denied as moot. Defendants' first motion to dismiss is denied as moot and their second motion to dismiss is granted.

I.   **Motions to Withdraw [Dkt. No. 51] and for Leave to Amend [Dkt. No. 52]**

Caballero moves to withdraw his second motion for leave to file a third amended complaint. The court denied that motion on January 23, 2004. Thus, Caballero's motion to withdraw is denied as moot.

Also pending is Caballero's third motion for leave to file a third amended complaint. Fed. R. Civ. P. 15(a) provides that permission to amend a complaint "shall be freely given when justice so requires." Underlying this rule is an assumption that the amended complaint will clarify or amplify the original cause of action. See Klos v. Haskell, 835 F. Supp. 710, 715 n.3 (N.D.N.Y. 1993), aff'd, 48 F.3d 81 (2d Cir. 1995). In determining whether to grant leave to amend, the court considers such factors as undue delay, bad faith, dilatory motive, undue prejudice and futility of the amendment. See Foman v. Davis, 371 U.S. 178, 82 (1962).

The operative complaint in this case, the second amended complaint dated August 21, 2003, names seven defendants and challenges the requirement that inmates at Northern Correctional Institution exercise in full restraints and the fact that inmates at Northern Correctional Institution are "double-celled" in the Administrative Segregation Program. The proposed third amended complaint names six of the defendants[1] and includes only the challenge to exercising in full restraints.

Caballero states that the proposed third amended complaint clarifies his existing claims. Indeed, the proposed third amended complaint comports with his previous characterizations of his claims. For example, at his November 7, 2003 deposition, Caballero told defendants' attorney that the only claim he intended to pursue in this case was the claim included in his original complaint, that he was required to recreate in full restraints. He specifically informed counsel that he no longer intended to pursue the other claims included in the second amended complaint. (See Dkt. No. 46, Defs.' Mem.

---

[1] Dr. Patrick Hynes has been omitted from the proposed third amended complaint.

2

at 1-2.) Defendants have not objected to Caballero's motion.

Permitting Caballero to file the third amended complaint will clarify the claims asserted and facilitate the court's review. Accordingly, Caballero's motion for leave to file a third amended complaint is granted.

## II.    Motions to Dismiss [Dkt. Nos. 28, 30]

Defendants have filed two motions to dismiss. The first motion, directed to the first amended complaint was filed after Caballero filed his second amended complaint. When this fact was brought to defendants' attention, they filed a motion to dismiss the second amended complaint. Because all arguments contained in the first motion to dismiss are included in the second motion, the first motion to dismiss is denied as moot.

The operative complaint now is the third amended complaint. Ordinarily, when an amended complaint is filed after a motion to dismiss, the court denies the motion to dismiss without prejudice to refiling another motion directed to the amended complaint. To do so in this case, however, would be a useless exercise. The third amended complaint contains claims included in the second amended complaint and the legal theories underlying defendants' present motion to dismiss apply equally to the third amended complaint. Thus, the court will consider defendants' second motion to dismiss as applied to the third amended complaint. See Clarry v. United States, 85 F.3d 1041, 1045 (2d Cir. 1996) (affirming district court's dismissal of both original and amended complaints on defendant's motion to dismiss); Horne v. Russell County Comm'n, 295 F. Supp. 2d 1289, 1292 n.1 (M.D. Ala. 2003) (considering motion to dismiss, filed in response to first amended complaint, as directed to second amended

3

complaint because substance of motion was not altered by amendment); see also 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d Ed.) ("[D]efendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading. To hold otherwise would be to exalt form over substance.").

### A. Standard of Review

When considering a Rule 12(b) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. See Equal Employment Opportunity Comm'n. v. Staten Island Sav. Bank, 207 F.3d 144, 148 (2d Cir. 2000). Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998). "The issue [on a motion to dismiss] is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims." Branham v. Meachum, 77 F.3d 626, 628 (2d Cir. 1996) (quoting Grant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir. 1995) (internal quotations omitted)). In its review of a motion to dismiss, the court may consider only the facts alleged in the complaint, documents attached as exhibits, documents incorporated by reference and matters of which judicial notice may be taken. See Dangler v. New York City Off Track Betting Corp., 193 F.3d 130, 138 (2d

4

Cir.1999); Samuels v. Air Transport Local 504, 992 F.2d 12, 15 (2d Cir. 1993). The Second Circuit "ordinarily require[s] the district courts to give substantial leeway to pro se litigants. . . ." Gomes v. Avco Corp., 964 F.2d 1330, 1335 (2d Cir. 1992).

### B.     Facts

Caballero alleges the following facts in his third amended complaint.

At the time he drafted his third amended complaint, Caballero, a sentenced inmate, had been confined at Northern Correctional Institution in Phase I of the Administrative Segregation program for 576 days. Inmates in Phase I are permitted one hour of out-of-cell recreation per day, five days per week. During this time, the inmates are required to wear full mechanical restraints, consisting of handcuffs behind the back and shackles connected by a tether chain. Out-of-cell recreation takes place in recreation yards containing one or two inmates. The walled yards are open to the sky with the opening covered with wire fencing. The doors may be locked and contain separate openings that would enable correctional staff to remove the restraints once an inmate was secured in the recreation yard. The yards, approximately 10' by 20', contain no exercise equipment.

Caballero cannot exercise meaningfully while restrained. If he attempts to walk briskly, he could lose his balance and be unable to prevent serious injury. In addition, Caballero cannot exercise meaningfully in his cell, because the cells are small and crowded. Further, he would be unable to wash properly after in-cell exercise because the water is on a timer. He fears that excessive body odor might offend his cell partner subjecting him to assault.

5

The practice of recreating in full restraints has caused Caballero to suffer cuts and abrasions on his wrists and ankles leaving permanent scars and pain in his back and shoulders. Lack of exercise has caused depression and loss of appetite as well as pain and stiffness in his joints and muscles.

### C. Discussion

Defendants argue that Caballero's federal claim is barred by the doctrine of collateral estoppel, or issue preclusion, because Caballero raised the same claim in a state habeas corpus action. See Caballero v. Warden, 2003 Conn. Super. LEXIS 3 (Jan. 2, 2003) (attached to Defs.' Mem., Dkt. No. 31). In addition, they contend that Caballero's state law negligence claims are barred because state employees are immune from suits in negligence. See Conn. Gen. Stat. § 4-165. In response, Caballero states that he was not afforded a full and fair opportunity to litigate his claims in state court because he was not permitted to present witnesses. He also characterizes his state law claims as assault and battery.

Collateral estoppel, or issue preclusion, prevents a party from relitigating an issue that already has been litigated and decided. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984); see also Aetna Cas. & Sur. Co. v. Jones, 220 Conn. 285, 296 (1991) (holding that collateral estoppel "prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action"). The full faith and credit clause governs the preclusive effect afforded to state court judgments: "Such Acts, records and judicial proceedings . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or

6

usage in the courts of such State, Territory or Possession from which they are taken." 28 U.S.C. §1738.

The full faith and credit clause applies to actions brought pursuant to 42 U.S.C. § 1983. See Allen v. McCurry, 449 U.S. 90, 103-04 (1980). Thus, the court must apply the same preclusive effect to Caballero's state habeas decision as would Connecticut state courts. See Kulak v. City of New York, 88 F.3d 63, 71-72 (2d Cir. 1996) (applying collateral estoppel to bar relitigation in a federal section 1983 action of issues previously decided in a state habeas proceeding); Burgos v. Hopkins, 14 F.3d 787, 792-93 (2d Cir. 1994) (noting that state habeas decision may have preclusive effect in subsequent federal section 1983 action).

In Connecticut, collateral estoppel will be applied when "[an] issue was actually litigated and necessarily determined in a prior action . . . 'An issue is *actually litigated* if it is properly raised in the pleading or otherwise submitted for determination, and in fact determined . . . .'" Efthimiou v. Smith, 268 Conn. 499, 506-507 (Conn. 2004) (quoting Restatement (Second) of Judgments § 27 cmt. d (1982) (emphasis in original). In addition, mutuality of parties is not required to assert issue preclusion. See Jones, 220 Conn. at 302. The only requirement is that the party against whom issue preclusion is applied must have had an opportunity to litigate the merits of the issue in the prior action. See Blonder-Tongue Labs., Inc. v. University of Ill. Found., 402 U.S. 313, 329 (1971).

In considering Caballero's habeas petition, the state court characterized the claim as whether requiring Caballero to recreate in full restraints constituted cruel and

7

unusual punishment in violation of the Eighth Amendment and applied the same standard as must be applied in this civil rights action. At the trial, the state court heard testimony from Caballero and defendant Coates and received into evidence copies of the Department of Correction Administrative Directive 9.4 and Caballero's request forms and administrative grievances. Although Caballero states that he was not allowed to call witnesses at the trial, he does not indicate what facts these witnesses would add to the case. After reviewing the state court's findings of fact, this court concludes that the state court did not make any factual findings contradicting Caballero's allegations. The state court determined that requiring Caballero to wear full restraints during out-of-cell recreation did not violate the constitutional prohibition against cruel and unusual punishment.

The state court considered the same claim asserted in the third amended complaint and rejected it after applying the legal standard that must be applied by this court. Thus, the court concludes that Caballero had a full and fair opportunity to litigate this issue. Defendants' motion to dismiss is granted as to the claim that requiring him to recreate in full restraints constitutes cruel and unusual punishment in violation of the Eighth Amendment.

Caballero disagrees with defendants' characterization of his supplementary state law claims. The court need not resolve this issue. Supplemental or pendent jurisdiction is a matter of discretion, not of right. See United Mine Workers v. Gibbs, 383 U.S. 715, 725-26 (1966). The court declines to exercise supplemental jurisdiction over Caballero's state law claims on the ground that it has dismissed all claims over which it

8

has original jurisdiction. See 28 U.S.C. § 1367(c)(3); Giordano v. City of New York, 274 F.3d 740, 754 (2d Cir. 2001) (noting that, as a general matter, where all federal claims have been dismissed before trial, pendent state claims should be dismissed without prejudice and left for resolution to the state courts; collecting cases).

## III. Conclusion

Caballero's motion to withdraw [Dkt. No. 51] is **DENIED** as moot and his motion for leave to file a third amended complaint [Dkt. No. 52] is **GRANTED**. The Clerk is directed to docket the proposed third amended complaint.

Defendants' first motion to dismiss [Dkt. No. 28] is **DENIED** as moot. Their second motion to dismiss [Dkt. No. 30], which has been applied to the third amended complaint, is **GRANTED** as to the federal claims. The court declines to exercise supplemental jurisdiction over Caballero's state law claims. The Clerk is directed to enter judgment in favor of the defendants and close this case.

**SO ORDERED.**

Dated this 8th day of July, 2004, at Bridgeport, Connecticut.

Jaret C. Hall
United States District Judge

9

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANGEL CABALLERO, JR.

                PRISONER
 v.             Case No.  3:02cv407 (JCH)

JOHN J. ARMSTRONG
JACK TOKARZ
LARRY MYERS
PATRICK HYNES, M.D.
PETER MATOS
THOMAS COATES
MICHAEL LAJOIE

## JUDGMENT

This cause came on for consideration on the defendants' motion to dismiss and plaintiff's motion to withdraw before the Honorable Janet C. Hall, United States District Judge.

On July 8, 2004, the court filed its Ruling on Plaintiff's Motions to Withdraw and for Leave to Amend and Defendants' Motions to Dismiss. The court granted plaintiff's motion for leave to file a third amended complaint which omitted defendants Hynes, granted defendants' motion to dismiss all claims in the third amended complaint, declined to exercise supplemental jurisdiction over any state law claims and directed the Clerk to enter judgment and close this case.

Therefore, it is **ORDERED** and **ADJUDGED** that judgment is entered in favor of the defendants and the action is dismissed.

Dated at Bridgeport, Connecticut this 12th of July, 2004.

                KEVIN F. ROWE, Clerk

                By  /s/ Donna P. Thomas
                  Donna P. Thomas
                  Deputy Clerk

Entered on the Docket _____

## CERTIFICATION

I, Angel Caballero, Sr., hereby certify that a copy of the foregoing (Notice of Appeal) was mailed on this 26th day of July, 2004, to:

Ann E. Lynch
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105

By: Angel Caballero, Sr.
Angel Caballero, Sr.
The Plaintiff
Northern C.I.
P.O. Box 665
Somers, CT 06071